[No. E013882. Fourth Dist., Div. Two. Aug. 3, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
BENJAMIN MIGUEL YANEZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts B, C, and D.

COUNSEL

Steven Schorr, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Keith I. Motley and Anne Marie Urrutia, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**McKINSTER, J.**—Raising a variety of sentencing errors, a criminal defendant appeals from the judgment entered after he pleaded guilty to receiving stolen property. Finding merit in some of his contentions, we reverse part of the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

A felony complaint charges the defendant with violating Penal Code section 496[1] by receiving and holding a 1978 Chevrolet El Camino, knowing the vehicle to be stolen. The defendant pleaded guilty on the condition that he would be placed on probation.

In her report, the probation officer stated that the defendant said that he had bought the car from someone he had met at a wrecking yard. The defendant is also reported to have admitted that, because he did not get a pink slip from the seller, he switched the license plates and vehicle identification number (VIN) from another El Camino he owned to the stolen vehicle. He also installed new wheels and tires and had the car repainted.

---

[1]All further section references are to this code, unless specified otherwise.

The probation officer also included evidence that the "high Blue Book price" for a well-equipped 1978 El Camino in "top shape" was $4,100. Based on that information, the probation officer recommended that the defendant be ordered to pay restitution to the victim in an amount of $4,100.

At the sentencing hearing, the trial court, inter alia, ordered the defendant to pay probation supervision fees of $250, found that a motor vehicle was involved in the crime, and set a date for a hearing to determine the amount of restitution to be paid.

At the subsequent hearing, the victim offered evidence in support of her restitution claim totaling $8,018.11. In particular, she asked for (1) $5,677.24 to cover a long list of repairs, including a new paint job and replacement of the dash which was split when the VIN was switched, (2) $1,685.15 to replace tires, wheels, a floor mat, and jumper cables (3) $318.59 for tools and (4) $337.13 for spare parts which had been in the vehicle when stolen but which were missing when it was recovered.

The defendant countered that when he bought the car, there were no tools or other items of personal property in it. He also argued that, in view of the value of the car, the victim's restitution claim was too high.

As a condition of probation, the trial court ordered the defendant to pay a total of $7,302.18 in restitution to the victim.

## CONTENTIONS

The defendant contends that the amount of restitution to the victim is too high, that the trial court failed to consider the defendant's ability to pay when setting the amount of the restitution and the probation supervision fees, and that the trial court erred in finding that a vehicle had been used to commit the crime. (A final contention, that the trial court failed to award credits for time served, was rendered moot when the error was corrected in the trial court after the appeal was filed.)

## DISCUSSION

A.  *The Trial Court Erred by Ordering Restitution to the Victim in an Amount Greater Than the Value of the Stolen Property.*

As noted above, the trial court awarded over $7,300 in restitution despite undisputed evidence that the maximum value of the vehicle prior to being stolen was no more than $4,100. The defendant argues that an award

for costs of repair which exceed the pretheft value of the property is improper. We agree.

"In every case where a person is convicted of a crime and is granted probation, the court shall require, as a condition of probation, that the person make restitution . . . [t]o the victim, if the crime involved a victim." (§ 1203.04, subd. (a)(1).)[2] " '[R]estitution means full or partial payment for the value of stolen or damaged property . . . which losses were caused by the defendant as a result of committing the crime for which he or she was convicted. The value of stolen or damaged property shall be the replacement cost of like property, or the actual cost of repairing the property when repair is possible." (§ 1203.04, subd. (d).)

That statutory language does not answer the question posed by the facts before us: what is the measure of damages to be applied when the property can be repaired, but only at a cost which is greater than the replacement cost of like property? Is the victim entitled to recover only the lesser of the two alternative measures, or can she insist on repairing her original El Camino, even though the cost of doing so is greater than the cost of purchasing a different one?

Were the victim to sue in tort to collect compensation for her injuries, the answer would be clear. ██ The measure of damages for wrongful injury to personal property which can be fully repaired "is the difference between the market value of the property immediately before and immediately after the injury, or the reasonable cost of repair if such cost be less than the depreciation in value." (*Smith* v. *Hill* (1965) 237 Cal.App.2d 374, 388 [47 Cal.Rptr. 49]; accord, *Pfingsten* v. *Westenhaver* (1952) 39 Cal.2d 12, 23-24 [244 P.2d 395]; *Rhodes* v. *Firestone Tire etc. Co.* (1921) 51 Cal.App. 569, 573 [197 P. 392]; and see generally, 6 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, §§ 1449-1452, pp. 925-927.) Thus, "[i]f the cost of repairs exceeds the depreciation in value, the plaintiff may only recover the lesser sum. Similarly, if depreciation is greater than the cost of repairs, the plaintiff may only recover the reasonable cost of repairs." (*Hand Electronics, Inc.* v. *Snowline Joint Unified School Dist.* (1994) 21 Cal.App.4th 862, 870 [26 Cal.Rptr.2d 446].)

These rules of tort law are designed to fully compensate the victim of the wrongful injury to personal property "for all the detriment proximately caused thereby . . . ." (Civ. Code, § 3333; *Pacific Gas & Electric Co.* v. *Mounteer* (1977) 66 Cal.App.3d 809, 812 [136 Cal.Rptr. 280].) ██ Similarly, the purpose of conditioning probation upon restitution to the victim is

---

[2]Section 1203.04 was amended in 1994. (Stats. 1994, ch. 1106, § 4.) All references to that section herein are to the statute as it existed in 1993, when the restitution order was entered.

to lead a criminal defendant to understand that he or she has a responsibility to make the victim whole. (*People* v. *Richards* (1976) 17 Cal.3d 614, 620 [131 Cal.Rptr. 537, 552 P.2d 97].) However, restitution is not designed to lead to recovery of damages above and beyond those which would be recoverable under civil law. (Cf. § 1203.04, subd. (d) ["Restitution collected pursuant to this section shall be credited to any other judgments obtained by the victim against the defendant arising out of the crime for which the defendant was convicted."].) If the civil measure of damages results in full compensation, the measure applied to determine the degree of restitution during probation should not result in a greater award.

Accordingly, we conclude that, for purposes of section 1203.04, subdivision (d), restitution for the value of damaged but reparable property is limited to the lesser of the following:

(1)   The difference between (i) the market value of the property before the commission of the felony of which the defendant was convicted and which caused the injury and (ii) the market value afterwards; or

(2)   The reasonable cost of repairing the damaged property to the condition it was in prior to being damaged by the felony of which the defendant was convicted.

Here, there is no evidence in the record of the market value of the El Camino in its damaged condition. However, even were we to make the unrealistic assumption that it was valueless, the restitution would be limited to a maximum of $4,100, the value of the vehicle prior to its theft. Thus, the trial court erred by imposing a restitution requirement of over $7,300.

The matter must be remanded to the trial court for a determination of the amount of restitution to be ordered paid as a condition of probation. In particular, the trial court shall receive evidence to determine the difference between the value of the El Camino prior to being received by the defendant and its value after recovery from him.

B.-D.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## DISPOSITION

The portion of the judgment determining guilt and granting probation is affirmed, but the balance of the judgment is reversed. On remand, the trial

*See footnote, *ante*, page 1622.

court is directed to determine, inter alia, (1) the appropriate amount of restitution for those losses suffered by the victim as a result of the offense to which the defendant pleaded guilty and (2) the ability of the defendant to pay restitution for those losses and for probation supervision fees.

Hollenhorst, Acting P. J., and Richli, J., concurred.

Respondent's petition for review by the Supreme Court was denied October 26, 1995. Baxter, J., and George, J., were of the opinion that the petition should be granted.