59 Cal.Rptr.3d 862 (2007)
151 Cal.App.4th 486
In re DINA V., a Person Coming Under the Juvenile Court Law.
The People, Plaintiff and Respondent,
v.
Dina V., Defendant and Appellant.
No. A115702.
Court of Appeal of California, First District, Division Four.
May 25, 2007.
*863 Rachel Lederman, for Appellant.
Edmund G. Brown Jr., Dane R. Gillette, Gerald A. Engler, Catherine A. Rivlin, Martin S. Kaye, San Francisco, for Respondent.
SEPULVEDA, J.
The minor Dina V. admitted an allegation that she took a vehicle without the owner's permission (Veh.Code, § 10851, subd. (a))[1]; she was placed on probation in her parents' home and ordered to complete 30 hours of community service. A restitution hearing was held and the minor was ordered to pay the victim restitution in the amount of $4,419.72, which represented the cost of repairing the victim's vehicle. The minor appeals, arguing that the juvenile court abused its discretion by ordering an amount of restitution that exceeded the replacement value of the damaged car ($3,000). We disagree and affirm.
The underlying facts are not relevant to the determination of the sole issue presented by this appeal and therefore will not be discussed in detail. The legal issue presented is, simply stated, whether the appropriate amount of restitution is limited by the replacement value of the stolen vehicle. Welfare and Institutions Code section 730.6 states that in a juvenile case, "[t]he court shall order full restitution ... of a dollar amount sufficient to fully reimburse the victim ... for all determined economic losses incurred as the result of the minor's conduct ... including ... [¶] ... (1) Full or partial payment of the value of stolen or damaged property. The value of stolen or damaged property shall be the replacement cost of like property, or the actual cost of repairing the property when repair is possible." (Italics added.) The question is whether the trial court has discretion to order the greater amount, when the cost to repair the stolen or damaged property exceeds the replacement cost.
The Fourth District previously answered this question in the negative, in the context of an adult criminal case. In People v. Yanez (1995) 38 Cal.App.4th 1622, 1624-1625, 46 Cal.Rptr.2d 1, the defendant was convicted of receiving stolen property. The trial court awarded over $7,300 in restitution pursuant to former Penal Code section 1203.04, subd. (d), based upon the cost of repairing the victim's stolen vehicle, despite undisputed evidence that the maximum value of the vehicle prior to its being stolen was $4,100.[2] The court of appeal reversed, holding that the civil measure of damages, limited to the lesser of the cost of repair or the cost of replacement, should have been applied to determine the amount of restitution, if it resulted in full compensation to the victim. (Yanez, supra, *864 38 Cal.App.4th at pp. 1626-1627, 46 Cal.Rptr.2d 1.)
Respondent contends that Yanez was wrongly decided, as it "interprets victim restitution too stingily, and too rigidly applies civil law." Since the statutory language of both the Penal Code and the Welfare and Institutions Code specifically permits restitution to be ordered in the amount of the cost of repair, and since victim restitution is not limited to the amount of damages recoverable in a civil action (citing In re Brittany L. (2002) 99 Cal.App.4th 1381, 1391-1392, 122 Cal. Rptr.2d 376), respondent argues, restitution should not be limited to replacement cost. We agree.
Section 730.6 specifically defines the value of stolen or damaged property, for the purposes of restitution, to either the replacement value or the actual cost of repair. Judges have broad discretion in fixing the amount of restitution, and "the court may use any rational method of fixing the amount of restitution, provided it is reasonably calculated to make the victim whole, and provided it is consistent with the purpose of rehabilitation." (In re Brittany L., supra, 99 Cal.App.4th at pp. 1391-1392, 122 Cal.Rptr.2d 376, fn. omitted.) As the court concluded in Brittany L., "`[W]hile the amount of restitution cannot be arbitrary or capricious, "there is no requirement the restitution order be limited to the exact amount of the loss in which the defendant is actually found culpable, nor is there any requirement the order reflect the amount of damages that might be recoverable in a civil action...." [Citation.]' " (Id. at p. 1391, 122 Cal.Rptr.2d 376.)
Under the circumstances of this case, we cannot say that the juvenile court abused its discretion in ordering an amount of restitution sufficient to pay the costs of repair of the victim's vehicle. This amount of restitution was specifically authorized by statute. To limit the amount of restitution to the replacement cost, because that would be the manner of determining damages in a civil case, is neither required nor logical. As respondent points out, putting such a limit on restitution requires that the victim find a similar vehicle, in similar pre-crime condition, for sale for the replacement value determined by the court, at the victim's time and expense. Such an onus should not be placed upon the victim. Limiting the amount of restitution to the replacement cost would not make the victim whole.[3]
The standard of review of a restitution order is abuse of discretion. (People v. Mearns (2002) 97 Cal.App.4th 493, 498-499, 118 Cal.Rptr.2d 511.) We find no abuse of discretion here.
The judgment is affirmed.
RUVOLO, P.J., and REARDON, J., concur.
NOTES
[1] According to the probation report, the unlicensed minor drove a vehicle that had been reported stolen. She lost control and struck a center divider. Additional allegations of evading a police officer (Veh.Code, § 2800.2) and driving without a license (Veh.Code, § 12500, subd. (a)) were dismissed.
[2] Former Penal Code section 1203.04, subd. (d)(1), enacted in 1988, was repealed in 1995 and replaced by a new Penal Code, § 1202.4(f)(3)(A) addressing the same subject matter. (Stats.1995, ch. 313, § 5, p. 486.) It defined the value of stolen or damaged property exactly as does Welfare and Institutions Code section 730.6(h)(i).
[3] We note that the difference between the results under the two methods of determining the amount of restitution was considerably less in this case than it was in People v. Yanez, supra, 38 Cal.App.4th 1622, 46 Cal.Rptr.2d 1 and the Yanez case involved an adult defendant. The juvenile court here specifically found that ordering the restitution in the "amount of damage" would be more rehabilitative for the minor. As the court noted in In re Brian N. (2004) 120 Cal.App.4th 591, 594, 15 Cal.Rptr.3d 337 (overruled on other grounds in People v. Martinez (2005) 36 Cal.4th 384, 386, 30 Cal.Rptr.3d 779, 115 P.3d 62), "The juvenile court is vested with discretion to order restitution in a manner that will further the legislative objectives of making the victim whole, rehabilitating the minor, and deterring future delinquent behavior." To the extent Yanez is inconsistent with this opinion, however, we respectfully disagree with its conclusion.