[No. C058918. Third Dist. Feb. 4, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
SHEILA RENEE BARTELL, Defendant and Appellant.

**COUNSEL**

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Judy Kaida, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**NICHOLSON, J.**—██ We hold that a bank is a direct victim, entitled to victim restitution, when a person forges checks drawn on the bank.

### BACKGROUND

With several cases pending against defendant Sheila Renee Bartell, the parties agreed to a plea bargain whereby defendant pleaded guilty to second degree burglary and two counts of possession for sale of methamphetamine in exchange for the dismissal of other charges with a *Harvey* waiver. (See *People v. Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396] (*Harvey*).)

The People also agreed not to file charges arising from three cases still under investigation, and the parties agreed defendant could be ordered to reimburse the victims in those cases. In one of those cases, Rita E. reported her checkbook had been stolen and she later reported three forged checks had cleared. The cleared checks were for $150, $140 and $300, for a total of $590. Those forgeries were linked to defendant and Victoria Gonzalez.

The probation report stated that Wells Fargo Bank "covered the cost" of these three forged checks, and recommended restitution to Wells Fargo Bank in the amount of $590, plus an administrative surcharge. The trial court granted probation, and among other terms stated: "In the *Harvey* waivered case of 05-1844, she's ordered to pay victim restitution in the amount of

$590, plus a $50 surcharge . . . and less any amounts paid by the co-defendant, Victoria Gonzales," "with the victim being Wells Fargo Bank." Defendant did not object to this probation term.

Defendant admitted violating probation in exchange for a three-year term for all cases. At sentencing, the trial court ordered direct restitution to Wells Fargo Bank for $590. Again, defendant did not object.

Defendant timely filed a notice of appeal.

## DISCUSSION

Because defendant claims the restitution component of her sentence is not authorized, she has not forfeited her claim by failing to lodge it in the trial court. (*People v. Sexton* (1995) 33 Cal.App.4th 64, 69–70 [39 Cal.Rptr.2d 242], disapproved on another point in *People v. Birkett* (1999) 21 Cal.4th 226, 247, fn. 20 [87 Cal.Rptr.2d 205, 980 P.2d 912].)

One portion of Proposition 8, the "Victims' Bill of Rights," passed by the people in the exercise of their reserved initiative powers in 1982, states "that all persons who suffer losses as a result of criminal activity shall have the right to . . . restitution from the persons convicted of the crimes for losses they suffer." (Cal. Const., art. I, § 28, subd. (b)(13)(A); see *People v. Saint-Amans* (2005) 131 Cal.App.4th 1076, 1081 [32 Cal.Rptr.3d 518].)

Penal Code section 1202.4 provides that "[i]t is the intent of the Legislature that a victim of crime who incurs any economic loss as a result of the commission of a crime shall receive restitution directly from any defendant convicted of that crime" (*id.*, subd. (a)(1)), and in part defines " 'victim' " to include "[a]ny . . . commercial entity when that entity is a direct victim of a crime" (*id.*, subd. (k)(2)). This statute, implementing part of Proposition 8, must be construed broadly. (*People v. Saint-Amans, supra*, 131 Cal.App.4th at p. 1084.)

Defendant does not contest the trial court's power to order victim restitution based on the forged checks, but contends Wells Fargo Bank is not a direct victim because "Wells Fargo was merely an indemnitor of the account holder who was the direct victim of the three forged checks . . . ."

We pause to note that even if we agreed with defendant, we would not strike the restitution order, we would modify it to name Rita E. as the victim entitled to restitution. (See Pen. Code, § 1260 [appellate court's power to modify a judgment].)

But we disagree with defendant. The probation report stated that Wells Fargo Bank had covered the forged checks. Because defendant did not object to this portion of the probation report, we presume it is accurate. (*People v. Evans* (1983) 141 Cal.App.3d 1019, 1021 [190 Cal.Rptr. 633].) Therefore the account holder, Rita E., suffered no loss from the forgeries.

The reason Rita E. suffered no loss is found in the legal nature of an ordinary checking account.

■ "The relationship [between a bank and its customer] is one of debtor and creditor: the bank is indebted to the customer and promises to debit his account only at his direction. If the bank pays, on an instrument drawn by its customer, any person other than the designated payee or a person to whom the instrument is negotiated, the bank's indebtedness to the customer is not diminished. If the bank does debit the customer's account, the customer can compel the bank to recredit the sum." (*Cooper v. Union Bank* (1973) 9 Cal.3d 371, 377 [107 Cal.Rptr. 1, 507 P.2d 609]; see *id.* at p. 377, fn. 5.) This explains why Rita E. suffered no economic loss. Wells Fargo Bank paid out $590 as a result of the forgeries. Because Wells Fargo Bank could not debit Rita E.'s account once it learned the checks were forged, it had to absorb the loss.

■ Wells Fargo Bank is thus a *direct* victim of defendant's criminality. It was the "object" of the forgeries (see *People v. Crow* (1993) 6 Cal.4th 952, 957 [26 Cal.Rptr.2d 1, 864 P.2d 80]) because it was the bank's money defendant was taking. The bank was not an indirect victim, one who merely assists in remediating the effects of a crime. (Cf. *People v. Martinez* (2005) 36 Cal.4th 384, 393–394 [30 Cal.Rptr.3d 779, 115 P.3d 62] [government entity that cleaned up drug lab not a direct victim]; *People v. Birkett, supra*, 21 Cal.4th at pp. 232–233 [insurer that pays victim's claim not a direct victim].)

Accordingly, the victim restitution order was proper.

## DISPOSITION

The judgment is affirmed.

Davis, Acting P. J., and Morrison, J.,[*] concurred.

Appellant's petition for review by the Supreme Court was denied April 29, 2009, S171038.

---

[*]Retired Associate Justice of the Court of Appeal, Third Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.