187 Cal.App.4th 120 (2010)
THE PEOPLE, Plaintiff and Respondent,
v.
LEROY STANLEY, Defendant and Appellant.
No. C063661.
Court of Appeals of California, Third District.
August 3, 2010.
CERTIFIED FOR PARTIAL PUBLICATION[*]
*122 Robert Navarro, under appointment by the Court of Appeal, for Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, and Jeffrey D. Firestone, Deputy Attorney General, for Plaintiff and Respondent.

OPINION
NICHOLSON, J.
We here decide how to calculate a victim's property damages for purposes of a victim restitution order. When a criminal damages a victim's vehicle, we conclude the trial court may in its discretion award the victim the cost of repairing the vehicle, even if that amount exceeds the replacement value of the vehicle. In doing so, we agree with In re Dina V. (2007) 151 Cal.App.4th 486 [59 Cal.Rptr.3d 862] (Dina V.) and disagree with People v. Yanez (1995) 38 Cal.App.4th 1622 [46 Cal.Rptr.2d 1] (Yanez).

BACKGROUND
Defendant Leroy Stanley pled no contest to felony vandalism of Patricia Short-Lyster's truck, in exchange for a 16-month prison sentence, the dismissal of other charges, and the prosecutor's promise not to file other charges. Short-Lyster and defendant were not acquainted.
The facts show that on July 2, 2009, defendant damaged Short-Lyster's pickup truck, a 1975 Dodge Adventurer, for which she paid $950, a year and a half earlier. When purchased, the truck was in excellent condition. Short-Lyster's father, a former auto mechanic, looked at the truck and advised her to buy it. After defendant vandalized it, Short-Lyster obtained a body shop estimate to fix it, amounting to $2,812.94.
The trial court sentenced defendant to a stipulated term of 16 months in state prison.
Over defendant's objection that it would give the victim a windfall, the trial court ordered restitution in the amount of the repairs, $2,812.94.
Defendant timely appealed, specifying a challenge to the restitution amount.

*123 DISCUSSION

I

Victim Restitution
Defendant contends the matter must be remanded for the trial court to reconsider the restitution award, because it was unreasonable to award the victim nearly three times the cost of her truck as restitution. We disagree.
"One portion of Proposition 8, the `Victims' Bill of Rights,' passed by the people in the exercise of their reserved initiative powers in 1982, states `that all persons who suffer losses as a result of criminal activity shall have the right to . . . restitution from the persons convicted of the crimes for losses they suffer.' (Cal. Const., art. I, § 28, subd. (b)(13)(A); see People v. Saint-Amans (2005) 131 Cal.App.4th 1076, 1081 [32 Cal.Rptr.3d 518].)" (People v. Bartell (2009) 170 Cal.App.4th 1258, 1261 [88 Cal.Rptr.3d 844].)
(1) "`A victim's restitution right is to be broadly and liberally construed.' [Citation.] `"`[S]entencing judges are given virtually unlimited discretion as to the kind of information they can consider'"' in determining victim restitution. [Citation.] Restitution orders are reviewed for abuse of discretion. [Citation.] When there is a factual and rational basis for the amount of restitution ordered, no abuse of discretion will be found." (People v. Phu (2009) 179 Cal.App.4th 280, 283-284 [101 Cal.Rptr.3d 601] (Phu).)
In a case involving the death of one victim, the California Supreme Court held as follows:
"The abuse of discretion standard is `deferential,' but it `is not empty.' [Citation.] `[I]t asks in substance whether the ruling in question "falls outside the bounds of reason" under the applicable law and the relevant facts [citations].' [Citation.] Under this standard, while a trial court has broad discretion to choose a method for calculating the amount of restitution, it must employ a method that is rationally designed to determine the surviving victim's economic loss. To facilitate appellate review of the trial court's restitution order, the trial court must take care to make a record of the restitution hearing, analyze the evidence presented, and make a clear statement of the calculation method used and how that method justifies the amount ordered." (People v. Giordano (2007) 42 Cal.4th 644, 663-664 [68 Cal.Rptr.3d 51, 170 P.3d 623] (Giordano).)
In part, the implementing statute provides as follows:
*124 "To the extent possible, the restitution order shall be prepared by the sentencing court, shall identify each victim and each loss to which it pertains, and shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct, including, but not limited to, all of the following:
"(A) Full or partial payment for the value of stolen or damaged property. The value of stolen or damaged property shall be the replacement cost of like property, or the actual cost of repairing the property when repair is possible." (Pen. Code, § 1202.4, subd. (f)(3)(A).)
Thus, in this case the victim was entitled to "the replacement cost" of a similar vehicle, or "the actual cost of repairing" her vehicle. (Pen. Code, § 1202.4, subd. (f)(3)(A).) The trial court recognized the difference between these two figures, and awarded the victim the repair cost.
In his supplemental brief, defendant contends that, although the market value of the truck (precrime) was not determined in the record, because the victim bought it for $950 and used it for over a year, it was not worth more than $950, and therefore awarding nearly three times that amount was unreasonable and gives the victim a windfall.
Yanez, supra, 38 Cal.App.4th 1622, lends support to defendant's contention. After quoting the statutory language (Pen. Code, former § 1203.04, subd. (d), now renumbered as § 1202.4, subd. (f)(3)(A)), Yanez stated as follows:
"That statutory language does not answer the question posed by the facts before us: what is the measure of damages to be applied when the property can be repaired, but only at a cost which is greater than the replacement cost of like property? Is the victim entitled to recover only the lesser of the two alternative measures, or can she insist on repairing her original [car], even though the cost of doing so is greater than the cost of purchasing a different one?
"Were the victim to sue in tort to collect compensation for her injuries, the answer would be clear. The measure of damages for wrongful injury to personal property which can be fully repaired `is the difference between the market value of the property immediately before and immediately after the injury, or the reasonable cost of repair if such cost be less than the depreciation in value.' [Citations.] Thus, `[i]f the cost of repairs exceeds the depreciation in value, the plaintiff may only recover the lesser sum. Similarly, if depreciation is greater than the cost of repairs, the plaintiff may only recover the reasonable cost of repairs.' [Citation.]
*125 "These rules of tort law are designed to fully compensate the victim of the wrongful injury to personal property `for all the detriment proximately caused thereby . . . .' [Citations.] . . . [R]estitution is not designed to lead to recovery of damages above and beyond those which would be recoverable under civil law. (Cf. [Pen. Code, former § 1203.04, subd. (d), current § 1202.4, subd. (j)] [`Restitution . . . shall be credited to any other judgments obtained by the victim against the defendant arising out of the crime for which the defendant was convicted.'].) If the civil measure of damages results in full compensation, the measure applied to determine the degree of restitution . . . should not result in a greater award.
"Accordingly, we conclude that, for purposes of [former] section 1203.04, subdivision (d), restitution for the value of damaged but reparable property is limited to the lesser of the following:
"(1) The difference between (i) the market value of the property before the commission of the felony of which the defendant was convicted and which caused the injury and (ii) the market value afterwards; or
"(2) The reasonable cost of repairing the damaged property to the condition it was in prior to being damaged by the felony of which the defendant was convicted." (Yanez, supra, 38 Cal.App.4th at pp. 1626-1627.)
Yanez limits a trial court's discretion to choose between the statutory alternatives of replacement cost and feasible repair cost. (Pen. Code, § 1202.4, subd. (f)(3).) Under Yanez, civil tort principles are overlaid on the statute and impose a cap on the permissible restitution award. The cited support for the view that restitution was "not designed to lead to recovery of damages above and beyond those which would be recoverable under civil law" was a provision requiring restitution payments to be credited against a civil tort judgment. (Pen. Code, § 1202.4, subd. (j).) But that provision prevents duplicative recovery from the tort and criminal fora, it does not address what amount of restitution makes a crime victim whole as required by Proposition 8 and implementing legislation.
A more recent decision, also on similar facts, rejects the rigid application of civil tort principles to limit a trial court's discretion to set restitution. Dina V., supra, 151 Cal.App.4th 486, upheld a juvenile delinquency restitution order in the amount of the repairs, although that amount exceeded the value of the vehicle. The analogous juvenile delinquency statute is identical to Penal Code section 1202.4, subdivision (f)(3)(A), as follows: "The value of stolen or damaged property shall be the replacement cost of like property, or the actual cost of repairing the property when repair is possible." (Welf. & Inst. Code, § 730.6, subd. (h)(1).)
*126 (2) "Welfare and Institutions Code section 730.6 specifically defines the value of stolen or damaged property, for the purposes of restitution, to either the replacement value or the actual cost of repair. Judges have broad discretion in fixing the amount of restitution, and `the court may use any rational method of fixing the amount of restitution, provided it is reasonably calculated to make the victim whole, and provided it is consistent with the purpose of rehabilitation.' [Citation.]" (Dina V., supra, 151 Cal.App.4th at p. 489, original italics.)
"To limit the amount of restitution to the replacement cost, because that would be the manner of determining damages in a civil case, is neither required nor logical. As respondent points out, putting such a limit on restitution requires that the victim find a similar vehicle, in similar precrime condition, for sale for the replacement value determined by the court, at the victim's time and expense. Such an onus should not be placed upon the victim. Limiting the amount of restitution to the replacement cost would not make the victim whole." (Dina V., supra, 151 Cal.App.4th at p. 489, fn. omitted.)
(3) We agree with Dina V.: The statutes implementing Proposition 8 give the trial court a choice between market value and feasible repair cost. (Pen. Code, § 1202.4, subd. (f)(3)(A); Welf. & Inst. Code, § 730.6, subd. (h)(1).) To engraft civil law principles on these choices would further burden victims and be inconsistent with the broad construction Proposition 8 and its implementing statutes must be accorded by judges. (Giordano, supra, 42 Cal.4th at p. 655; Phu, supra, 179 Cal.App.4th at p. 283; People v. Lyon (1996) 49 Cal.App.4th 1521, 1525 [57 Cal.Rptr.2d 415].)
Our conclusion does not ignore the concerns underlying Yanez. As defendant points out, the restitution statutes are not designed to give windfalls, but to make victims whole. In some cases, the costs of repairing a vehicle that is readily replaceable might be so disproportionate to its market value that a trial court could rationally conclude the victim is not entitled to the repair cost. But to the extent Yanez set out a rigid rule that a trial court could never award more than a vehicle's market value, we disagree and decline to follow it.
(4) In this case, no abuse of discretion is shown. As a matter of common sense, it would be hard to find a 1975 Dodge Adventurer in "excellent" condition for $950, if for no other reason than there are not very many of them on the road. And the longer it would take the victim to find one, the greater her loss-of-use damages would be. (See People v. Thygesen (1999) 69 Cal.App.4th 988, 995 [81 Cal.Rptr.2d 886].) Further, the victim's father, a former mechanic, advised her to buy the truck, from which one can rationally *127 infer it was a good bargain at $950. Thus, as in Dina V., limiting the victim to her purchase price would impose on her a hardship, requiring her to engage in what would almost certainly be a fruitless search for a similar truck in excellent condition for $950. The fact that the repairs will cost about three times the victim's purchase price does not mean she will receive a windfall: It means she will have her truck back in the same condition it was before defendant vandalized it. This comports with the spirit of Proposition 8 and the text of the implementing legislation.
Accordingly, we conclude the trial court did not abuse its broad discretion to award restitution in the amount of the repair bill in this case.

II[*]

Other Matters

DISPOSITION
The judgment is affirmed.
Blease, Acting P. J., and Butz, J., concurred.
NOTES
[*] Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of part II of the Discussion.
[*] See footnote, ante, page 120.