[No. D056674. Fourth Dist., Div. One. Feb. 10, 2011.]

In re ALEXANDER A., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ALEXANDER A., Defendant and Appellant.

850

**COUNSEL**

Brian A. Wright, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., and Kamala D. Harris, Attorneys General, Gary W. Schons, Assistant Attorney General, Rhonda Cartwright-Ladendorf and Scott C. Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BENKE, Acting P. J.**—Alexander A. appeals a restitution order under Welfare and Institutions Code[1] section 730.6. We affirm.

---

[1] Unless otherwise specified, further statutory references are to the Welfare and Institutions Code.

Alexander vandalized a school mural and a car. He was adjudicated a ward of the court for maliciously damaging and destroying real and personal property valued in excess of $400 in violation of Penal Code section 594, subdivisions (a), (b)(1). Alexander contends the trial court abused its discretion when it ordered him to pay $8,219.18 in restitution to the owner of the car which, at most, had a replacement value of approximately $5,300.

## FACTS

Alexander pleaded guilty to defacing a school mural, which had been a gift to the school from the community, and vandalizing David Borja's 1992 Honda Accord LX (Accord).

At the restitution hearing, the deputy district attorney informed the court the school determined it did not have the funds to repair the three-wall mural at a cost of $18,750, and instead had the mural painted over at a cost of $234.92. Pursuant to a stipulated agreement, the court ordered Alexander to pay $234.92 in restitution to the school.[2]

Borja asked the court to order Alexander to pay the full cost of repairing the car. At the restitution hearing, Borja submitted an estimate of $8,219.18 to repair the Accord. He testified he considered replacing the Accord because he did not have the money to repair it and it was slowly deteriorating. According to the Kelley Blue Book, which Borja had viewed two months earlier, a dealer's price for a 1992 Accord in excellent condition was approximately $5,300, the estimate for a nondealer sale of a 1992 Accord in good condition was in the mid-$3,000 range and one in poor condition was worth between $1,800 and $1,900.

Alexander presented evidence showing that the nondealer purchase price of a 1992 Accord in good condition was $2,605 and that the dealer purchase price of the same model in excellent condition was $4,205. At the time of the hearing, there was a 1992 Accord on Craigslist, an Internet bulletin board, for $1,795.

At the end of the proceedings, the court asked whether Borja wanted to repair the Accord. The deputy district attorney stated without objection that Borja wanted to keep the car.

The juvenile court ordered Alexander to pay Borja restitution of $8,219.18 and found Alexander's parents jointly and severally liable in that amount.

---

[2] The People did not appeal the restitution orders. In part II of this opinion, we discuss the People's contention the stipulated restitution order was an unauthorized sentence and not subject to the doctrine of forfeiture.

Citing *In re Dina V.* (2007) 151 Cal.App.4th 486 [59 Cal.Rptr.3d 862] (*Dina V.*), the court stated the restitution amount was reasonable because the victim should not have to go to the trouble of looking for a similar vehicle in precrime condition. The court found that ordering Alexander to pay the cost of repairing the car was rehabilitative and taught him there were consequences to his behavior.

## DISCUSSION

### I

### *The Court Did Not Err When It Ordered Restitution in the Amount of Repair*

Alexander contends the juvenile court erred when it ordered him to pay restitution for the higher repair costs instead of the lower replacement value of the Accord. He asserts the restitution award, which he claims was $3,000 to $5,000 more than the car's replacement value, resulted in a windfall to the victim and does not comport with the purpose of the restitution statutes.

Alexander further contends the court erred when it relied on *Dina V.* to order restitution for the costs of repair. He asserts *Dina V.* stands for the erroneous proposition the juvenile court may consider the intangible value of the victim's time and effort to replace a damaged or stolen vehicle in fashioning a restitution order, and thus misinterprets section 730.6, which limits restitution to economic losses. Instead he urges this court to apply *People v. Yanez* (1995) 38 Cal.App.4th 1622 [46 Cal.Rptr.2d 1] (*Yanez*), in which a division of this court capped restitution in criminal cases to the amount that may be awarded under a civil tort standard. According to Alexander, under *Yanez* restitution would be limited to the replacement cost of the vehicle, at most, approximately $5,300. (See *id.* at pp. 1626–1627.)

"Ordinarily, the standard of review of a restitution order is abuse of discretion. [Citation.] However, when the propriety of a restitution order turns on the interpretation of a statute, a question of law is raised, which is subject to de novo review on appeal. [Citation.]" (*People v. Williams* (2010) 184 Cal.App.4th 142, 146 [108 Cal.Rptr.3d 772].)

As Alexander's argument indicates, there is a split in the California appellate courts concerning the appropriate restitution standard to apply when the cost of repairing damaged or stolen property exceeds its replacement value. This division of this court has not previously considered this issue.

Before we turn to the merits of Alexander's argument, we set forth the principles and statutes that govern restitution in juvenile cases brought under section 602.[3]

■ The California Constitution gives trial courts broad power to impose restitution on offenders for losses caused by their criminal conduct. (Cal. Const., art. I, § 28, subd. (b)(13)(A) [all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for those losses]; see also *People v. Giordano* (2007) 42 Cal.4th 644, 651–654 [68 Cal.Rptr.3d 51, 170 P.3d 623] (*Giordano*) [providing a comprehensive analysis of the restitution scheme under the Pen. Code].) A victim's right to restitution is broadly and liberally construed. (*People v. Saint-Amans* (2005) 131 Cal.App.4th 1076, 1084 [32 Cal.Rptr.3d 518]; *In re Johnny M.* (2002) 100 Cal.App.4th 1128, 1132 [123 Cal.Rptr.2d 316] (*Johnny M.*).)

■ In proceedings involving minors, the juvenile court is vested with discretion to order restitution consistent with the goals of the juvenile justice system. (*In re Tommy A.* (2005) 131 Cal.App.4th 1580, 1587–1588 [33 Cal.Rptr.3d 103] (*Tommy A.*).) The goal of the juvenile justice system is to provide minors under the jurisdiction of the court with care, treatment, and guidance that is consistent with their best interests and to hold them accountable for their behavior as appropriate under the circumstances, consistent with the interests of public safety and protection. (§ 202, subd. (b).) In enforcing, interpreting and administering the juvenile court law, the trial court also is to consider the safety and protection of the public, the importance of redressing injuries to victims and the best interests of the minor. (*Id.*, subd. (d).)

Section 730.6, subdivision (h) directs the court to order restitution "of a dollar amount sufficient to fully reimburse the victim or victims for all determined economic losses incurred as the result of the minor's conduct" unless it finds compelling and extraordinary reasons for not doing so. "[T]he court may use any rational method of fixing the amount of restitution, provided it is reasonably calculated to make the victim whole, and provided it is consistent with the purpose of rehabilitation." (*In re Brittany L.* (2002) 99 Cal.App.4th 1381, 1391–1392 [122 Cal.Rptr.2d 376] (*Brittany L.*).) The court

---

[3] Penal Code section 1202.4, subdivision (f)(3)(A), the provision governing restitution in criminal proceedings for stolen or damaged property, contains identical language to Welfare and Institutions Code section 730.6, subdivision (a)(1), which governs restitution in juvenile proceedings for stolen or damaged property. Section 730.6, subdivision (h)(1) and Penal Code section 1202.4, subdivision (f)(3)(A) set the measure of damages at "[f]ull or partial payment for the value of stolen or damaged property. The value of stolen or damaged property shall be the replacement cost of like property, or the actual cost of repairing the property when repair is possible."

may order full or partial payment for the value of stolen or damaged property and has the discretion to assess the value of stolen or damaged property at "the replacement cost of like 'property, or the actual cost of repairing the property when repair is possible." (§ 730.6, subd. (h)(1).)

Welfare and Institutions Code section 730.6, subdivision (a), like Penal Code section 1202.4, subdivision (a), limits restitution cases to "any economic loss."[4] (*Giordano, supra,* 42 Cal.4th at p. 656; see also § 730.6, subd. (h) [restitution should be sufficient to reimburse victim for all determined economic losses incurred as a result of the minor's conduct]; Pen. Code, § 1202.4, subd. (f).) Section 730.6 does not authorize direct restitution for noneconomic losses. (§ 730.6, subd. (h); cf. *Giordano,* at p. 656.)

As noted, California appellate courts examining the appropriate measure of restitution where the costs of repairing a stolen or damaged vehicle exceed its replacement value have reached different conclusions. In *Yanez,* the trial court ordered the defendant to pay $7,302.18 in restitution to repair a 17-year-old vehicle valued at $4,100. (*Yanez, supra,* 38 Cal.App.4th at pp. 1624–1625.) In reversing the restitution order, the *Yanez* court held that a restitution award in a criminal case may not exceed the award the victim is entitled to recover in a civil tort case,[5] limiting the trial court's discretion to choose between the statutory alternatives of replacement cost and reasonable repair cost. (38 Cal.App.4th at pp. 1626–1627; see also Pen. Code, § 1202.4, subd. (f)(3).) Applying this standard, *Yanez* determined the maximum restitution amount in the controversy before it was $4,100, which was the value of the vehicle prior to its theft. (*Yanez,* at p. 1627.)

Without discussion, the *Yanez* court briefly acknowledged restitution serves a rehabilitative purpose. However, the focus of its discussion was on the

---

[4] The term "economic loss" is accorded an expansive interpretation under our laws. (See, e.g., *Johnny M., supra,* 100 Cal.App.4th at p. 1133 [reasonable value of employee work product lost]; *People v. Keichler* (2005) 129 Cal.App.4th 1039, 1046 [29 Cal.Rptr.3d 120] [cost of a Hmong healing ceremony]; *People v. Mearns* (2002) 97 Cal.App.4th 493, 503 [118 Cal.Rptr.2d 511] [relocation expenses incurred by rape victim]; *People v. Phelps* (1996) 41 Cal.App.4th 946, 950–952 [48 Cal.Rptr.2d 855] [future medical expenses]; *People v. Tucker* (1995) 37 Cal.App.4th 1, 6 [44 Cal.Rptr.2d 1] [increased value of embezzled mutual fund shares]; *People v. Whisenand* (1995) 37 Cal.App.4th 1383, 1391 [44 Cal.Rptr.2d 501] [payment of interest as compensation for the loss of use of embezzled funds]; and *People v. Nguyen* (1994) 23 Cal.App.4th 32, 42 [28 Cal.Rptr.2d 140] [lost profits due to closing business to testify]; see also Pen. Code, § 1202.4, subd. (f)(3)(E) [profits lost due to time the victim spends as a witness].)

[5] *Yanez* held that restitution for the value of damaged but reparable property *is limited to the lesser of* "(1) The difference between (i) the market value of the property before the commission of the felony of which the defendant was convicted and which caused the injury and (ii) the market value afterwards; or [¶] (2) The reasonable cost of repairing the damaged property to the condition it was in prior to being damaged by the felony of which the defendant was convicted." (*Yanez, supra,* 38 Cal.App.4th at pp. 1626–1627.)

measure of restitution required to make the victim whole. (*Yanez, supra*, 38 Cal.App.4th at p. 1627.) *Yanez* stated the rules of tort law are designed to fully compensate the victim for wrongful injury to property. Finding support in Penal Code section 1202.4, subdivision (j),[6] which provides that any restitution collected is to be credited against any other judgment obtained by the victim from the defendant, *Yanez* reasoned if the civil measure of damages results in full compensation to the victim, the measure applied to determine restitution under the Penal Code should not result in a greater award than the victim would receive in a civil recovery for property damages, otherwise the victim would receive a windfall. (*Yanez*, at p. 1627 ["[R]estitution is not designed to lead to recovery of damages above and beyond those which would be recoverable under civil law."].)

In contrast to *Yanez*, *Dina V.* holds that judges are not limited by the rigid application of tort law and instead have broad discretion to determine the amount of restitution. (*Dina V., supra*, 151 Cal.App.4th at p. 489.) In *Dina V.*, the minor challenged the order directing her to pay $4,419.72 in restitution to repair a car valued at $3,000. Noting that section 730.6, subdivision (h) and Penal Code section 1202.4, subdivision (f) each specifically permits the trial court to order restitution in the amount of the costs of repair, the *Dina V.* court rejected the application of rigid civil tort damages to restitution and agreed with the victim's contention he should not have to find a replacement vehicle at his time and expense merely because the cost of repair was higher than the replacement cost. (*Dina V., supra*, 151 Cal.App.4th at p. 489.)

We, too, reject the imposition of strict tort law on restitution orders. The California Supreme Court recently reiterated the long-standing principle "[t]here is no requirement the restitution order be limited to the exact amount of the loss in which the defendant is actually found culpable, nor is there any requirement the order reflect the amount of damages that might be recoverable in a civil action."[7] (*People v. Anderson* (2010) 50 Cal.4th 19, 27 [112 Cal.Rptr.3d 685, 235 P.3d 11] (*Anderson*); *People v. Carbajal* (1995) 10

---

[6] At the time *Yanez* was decided, the equivalent statutory provision was Penal Code former section 1203.04, subdivision (d), repealed effective August 3, 1995 (Stats. 1995, ch. 313, § 7, p. 1758).

[7] A textual analysis of the juvenile restitution scheme also supports this conclusion. The statutory language is generally the most reliable indicator of legislative intent. (*Fitch v. Select Products Co.* (2005) 36 Cal.4th 812, 818 [31 Cal.Rptr.3d 591, 115 P.3d 1233].) The language is construed in the context of the statute as a whole and the overall statutory scheme, and courts give significance to every word, phrase, sentence and part of an act in pursuing the legislative purpose. (*People v. Canty* (2004) 32 Cal.4th 1266, 1276 [14 Cal.Rptr.3d 1, 90 P.3d 1168].)

If the Legislature intended the civil tort standard to apply to juvenile restitution orders, it could have included such language in section 730.6. (Cf. *People v. Lee* (2003) 31 Cal.4th 613, 622 [3 Cal.Rptr.3d 402, 74 P.3d 176].) For example, section 730.7, governing parental responsibility for a child's restitution, fines and penalties, refers specifically to sections 1714.1

Cal.4th 1114, 1121 [43 Cal.Rptr.2d 681, 899 P.2d 67] (*Carbajal*); see also *Vigilant Ins. Co. v. Chiu* (2009) 175 Cal.App.4th 438, 444–445 [96 Cal.Rptr.3d 54]; *Brittany L., supra*, 99 Cal.App.4th at p. 1390; *In re Brian S.* (1982) 130 Cal.App.3d 523, 528–532, 534, fn. 4 [181 Cal.Rptr. 778].) A civil judgment does not satisfy the state's interest in restitution, which is to rehabilitate the offender and deter further criminal activity. (*Vigilant Ins. Co.*, at p. 445; *People v. Clifton* (1985) 172 Cal.App.3d 1165, 1168 [219 Cal.Rptr. 904] [just as a restitution order pursuant to criminal law is not a substitute for a civil action to recover damages, a civil settlement is not a substitute for restitution in a criminal proceeding].)

■ We conclude that applying a strict civil standard to restitution in juvenile court for stolen or damaged property unduly limits the court's discretion to determine the amount of restitution. Restitution must be reasonably calculated to make the victim whole. It must also be reasonably calculated to rehabilitate the minor and deter future delinquent behavior. (*Brittany L., supra*, 99 Cal.App.4th at pp. 1391–1392; *Dina V., supra*, 151 Cal.App.4th at p. 489.) While *Yanez* addressed the goal to fully reimburse the victim for all determined economic losses incurred as a result of the minor's conduct, it did not fully consider the role restitution plays in rehabilitating the minor and deterring future criminal offenses. (§ 202, subd. (b); *Tommy A., supra*, 131 Cal.App.4th at pp. 1587–1588.)

Having adopted like *Dina V.* a more flexible standard for restitution than the one formulated in *Yanez*, we conclude that restitution is not limited to the replacement value of the victim's Accord. We now address Alexander's contention the court, in determining restitution in the amount of repair, impermissibly considered the noneconomic losses the victim would incur to replace the car.

Alexander asserts *Dina V.* implicitly authorized the trial court to order restitution for intangible or esoteric losses. *Dina V.* stated: "To limit the amount of restitution to the replacement cost, because that would be the manner of determining damages in a civil case, is neither required nor logical. . . . [P]utting such a limit on restitution requires that the victim find a similar vehicle, in similar precrime condition, for sale at the replacement value determined by the court, at the victim's time and expense. Such an

and 1714.3 of the Civil Code. (*In re Michael S.* (2007) 147 Cal.App.4th 1443, 1451 [54 Cal.Rptr.3d 920] [Welf. & Inst. Code, § 730.7 was intended to transfer the vicarious liability policy endorsed by Civ. Code, § 1714.1 to juvenile court proceedings].) In contrast to section 730.7, there is no reference to the Civil Code in section 730.6, subdivision (h) which, as we have discussed, gives the trial court the discretion to order full or partial payment for damaged or stolen property at its replacement cost or the cost of repair. Therefore we conclude that the Legislature intended to give the juvenile court broad discretion to determine the appropriate restitution order.

onus should not be placed on the victim. Limiting the amount of restitution to the replacement cost would not make the victim whole." (*Dina V., supra*, 151 Cal.App.4th at p. 489.) Alexander argues an award of substantially higher repair costs to compensate for such an unmeasured loss is arbitrary and capricious.

■ We disagree with Alexander's contention the trial court's selection of the higher repair costs is intended to reimburse the victim for his time and expense in locating a replacement vehicle. Instead, as we explain, where the other goals of the juvenile justice scheme have been met, in selecting the measure of restitution the court may consider the impact of its restitution order on the victim.

Indeed, a basic tenet of the juvenile justice system is "the importance of redressing injuries to victims." (§ 202, subd. (d).) "Redress" means "relief from wrong or injury" or "to set right; remedy or repair." (Random House Unabridged Dict. (2d ed. 1993) p. 1617, col. 2.) In contrast, "restitution" is more narrowly defined; it means "reparation made by giving an equivalent or compensation for the loss, damage, or injury caused." (*Id.* at p. 1641, col. 3.) Thus in the broader sense of providing relief to the victim from injury, the trial court may consider the impact of alternative restitution orders on the victim as long as the restitution order itself is consistent with juvenile justice goals of compensation for economic loss, rehabilitation and deterrence. (§ 202, subd. (d); *In re Anthony M.* (2007) 156 Cal.App.4th 1010, 1017–1018 [67 Cal.Rptr.3d 734]; *Brittany L., supra*, 99 Cal.App.4th at p. 1392.)

Choosing repair over replacement is not intended to reimburse the victim for noneconomic injury but acknowledges the practicalities involved in cleaning up after a crime spree. The victim is entitled to a resolution. (Cf. Cal. Const., art. I, § 28, subd. (a)(6) [victims of crimes are entitled to finality in their criminal cases]; *id.*, subd. (b)(1) [victim has the right to be treated with fairness and respect for his privacy and dignity].) In some cases in which the costs of repair exceed the value of a replacement vehicle, it may be more convenient for the victim to visit a dealer and purchase another car. In other cases, as here, the victim may prefer to repair his or her damaged car, despite its age.

A restitution order will be upheld on appeal where there is a factual and rational basis for the amount of restitution ordered by the trial court. (*Johnny M., supra*, 100 Cal.App.4th at p. 1132; see also *People v. Rubics* (2006) 136 Cal.App.4th 452, 457, 462 [38 Cal.Rptr.3d 886] [reviewing restitution orders upheld under Pen. Code, § 1202.4].) Here, the record shows there is a factual and rational basis for the restitution order.

The trial court did not seek to punish Alexander by ordering a higher restitution amount than the replacement value of the car. In determining the basis for the restitution order, the court clarified that Borja wanted to repair the Accord. In view of the extent of Alexander's vandalism, the court reasonably concluded that ordering Alexander to repair the car served a rehabilitative purpose. After defacing a three-wall school mural, Alexander and his companion spray painted graffiti on the Accord, painted its rims and license plate, destroyed the windshield, broke the right rearview mirror, kicked out the front signal lights, dented the vehicle's hood and the roof and damaged the left side of the car. The car could not be driven after it was vandalized. The court determined that repairing the vehicle would help Alexander understand there were consequences for his actions.

The trial court did not order restitution for impermissible noneconomic damages; it ordered Alexander to pay for the costs of repairing the extensive and deliberate damage he caused to the victim's car. " 'Restitution is an effective rehabilitative penalty because it forces the defendant to confront, in concrete terms, the harm his actions have caused.' " (*Carbajal, supra,* 10 Cal.4th at p. 1124, quoting *Kelly v. Robinson* (1986) 479 U.S. 36, 49, fn. 10 [93 L.Ed.2d 216, 107 S.Ct. 353].)

There may be some point at which the costs to repair stolen or damaged property so exceed its value that a restitution order for repair costs may no longer be rational in that it results in a windfall to the victim or does not serve a rehabilitative purpose. (*People v. Kelly* (2010) 189 Cal.App.4th 73, 77 [116 Cal.Rptr.3d 646] [a restitution order is intended to compensate actual loss and is not intended to provide a windfall to the victim]; *People v. Fortune* (2005) 129 Cal.App.4th 790, 794–795 [28 Cal.Rptr.3d 872] [restitution is not intended to provide the victim with a windfall].)

■ Here, in view of the expenses the victim would incur to purchase a similar car in similar precrime condition, and pay taxes and license fees, we are not persuaded the damage award was unjustifiably high in comparison to the value of the vandalized car. Accordingly, we conclude that the trial court did not abuse its discretion when it ordered Alexander to pay the higher repair costs rather than the lower replacement value of the vehicle.

II

*The People Have Forfeited Their Claim the Court Abused Its Discretion when It Accepted the Stipulated Restitution Order*

In its response brief, the People assert the school intended to have the murals repaired but because of budgetary restraints had to paint over the

murals to remove the graffiti. The People contend the trial court was required to order full restitution in the amount of $18,750 to repair the school's three-wall mural and did not have discretion to order the stipulated restitution amount of $234.92. The district attorney did not file an appeal. The People argue the restitution order to paint over the mural constitutes an unauthorized sentence and is not subject to the doctrine of forfeiture.

A narrow exception to the rule of forfeiture exists when the court orders an unauthorized sentence entered in excess of jurisdiction. (*In re Sheena K.* (2007) 40 Cal.4th 875, 885–887 [55 Cal.Rptr.3d 716, 153 P.3d 282].) " '[A] sentence is generally "unauthorized" where it could not lawfully be imposed under any circumstance in the particular case.' " (*Anderson, supra,* 50 Cal.4th at p. 26.) " 'An obvious legal error at sentencing that is "correctable without referring to factual findings in the record or remanding for further findings" is not subject to forfeiture.' " (*Ibid.,* quoting *Sheena K.,* at p. 887.) "These cases generally involve pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court." (*People v. Welch* (1993) 5 Cal.4th 228, 235 [19 Cal.Rptr.2d 520, 851 P.2d 802] (*Welch*).)

Section 730.6, subdivision (h) requires the juvenile court to impose restitution in the amount of the economic losses, *as determined.* The court is required to use " '*a rational method*' " in determining restitution. (*People v. Draut* (1999) 73 Cal.App.4th 577, 582 [86 Cal.Rptr.2d 469]; see *Brittany L., supra,* 99 Cal.App.4th at pp. 1391–1392.) Here, the school stated its economic losses were $234.92. Although the school may have requested an amount sufficient to restore the mural, instead it submitted a work order for the cost of repainting the defaced walls.[8] The court accepted a stipulated restitution agreement based on the school's decision to paint over the mural instead of repairing it.

Error, if any, is not correctable without referring to factual findings in the record or remanding for further proceedings. (See *Anderson, supra,* 50 Cal.4th at p. 26; *Welch, supra,* 5 Cal.4th at pp. 235–236 [error must be clear and correctable independent of any factual issues presented by the record].) The People have forfeited their right to assign error on appeal.

---

[8] Section 730.6, subdivision (h)(4) provides the court may modify the amount of restitution on its own order or on the motion of the district attorney, the victim or victims, or the minor. If a motion is made for modification of a restitution order, the victim shall be notified of that motion at least 10 days before the modification hearing.

## DISPOSITION

The order is affirmed.

Huffman, J., and McIntyre, J., concurred.