Filed 4/30/15  In re Ramiro V. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| In re RAMIRO V., a Person Coming Under the Juvenile Court Law. | |
| | D066646 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. JCM234914) |
| v. | |
| RAMIRO V., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Browder A. Willis, III, Judge.  Affirmed.

Robert H. Rexrode, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Barry Carlton, Deputy Attorneys General, for Plaintiff and Respondent.

A petition was filed in the juvenile court under Welfare and Institutions Code[1] section 602 alleging that Ramiro V. (Ramiro) had stolen a smart phone. The court granted Ramiro informal probation pursuant to section 654, on the condition he pay the victim court ordered restitution in the amount of $681.

Ramiro appeals contending the court erred in setting the amount of restitution at $681, because it was possible to replace the stolen phone for $300, and the new phone was somewhat better than the one which was stolen. We will reject Ramiro's contention because his arguments fail to take into account the fact that the victim was obliged to pay the contract service fee and the victim found it necessary to purchase the somewhat better phone in order to continue to utilize the services for which she was required to pay. We believe the juvenile court's order was a reasonable calculation of the actual cost of replacement and was well within the court's very broad discretion.

## FACTUAL BACKGROUND

The facts discussed here are from the transcript of the restitution hearing conducted by the juvenile court.

The phone stolen by Ramiro was a LG Optimus smart phone the victim purchased at Wal-Mart on sale for $237. She had to purchase an upgraded contract for service from T-Mobile in order to utilize the phone. Because the phone was stolen six months into the contract, the victim was not eligible for the discounted replacement cost, but still remained obligated to pay the service fees on the contract.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

2

The victim was not able to purchase the identical phone at Wal-Mart or T-Mobile as it was no longer offered. Her on line search found the same phone on Amazon for approximately $300. However, the victim had previously suffered identity theft after a credit card purchase from Amazon and was not willing to make another purchase there.

In an effort to get a phone that matched the features of her service contract, the victim returned to T-Mobile. There she had choices between phones with fewer features than her contract provided, or she could purchase the Samsung Galaxy S4, which is somewhat better than the phone which was stolen. The victim paid $681 for the new smart phone.

## DISCUSSION

At the completion of the restitution hearing, the juvenile court found the proper restitution to the victim under the circumstances of this case to be $681. The court found that amount was necessary to actually replace the smart phone that had been stolen. The court also found that ordering the minor to make the victim whole was important to the minor's rehabilitation. The court expressly relied on the opinion of this court in *In re Alexander A.* (2011) 192 Cal.App.4th 847 (*Alexander*), to support his exercise of discretion. Ramiro contends the court misapplied our decision. We disagree, and will find the court properly determined the amount of economic damages actually incurred by the victim of Ramiro's conduct.

### A. Legal Principles

Under the California Constitution, trial courts have broad discretion to impose restitution orders for economic losses caused by criminal conduct. (Cal. Const., art. I,

3

§ 28, subd. (b), par. (13)(A).) Victims' rights to restitution should be broadly and liberally construed. (*People v. Saint-Amans* (2005) 131 Cal.App.4th 1076, 1084; *In re Johnny M.* (2002) 100 Cal.App.4th 1128, 1132.)

Juvenile courts are vested with particularly broad power to order restitution where it advances the goals of the juvenile justice system. Such goals include guidance and rehabilitation which can be advanced by holding minors accountable for the results of their conduct. (*In re Tommy A.* (2005) 131 Cal.App.4th 1580, 1587-1588; § 202, subds. (b) & (d).)

Section 730.6, subdivision (h)(1) requires courts to order restitution "of a dollar amount sufficient to fully reimburse the victim or victims for all determined economic losses incurred as the result of the minor's conduct." In order to carry out the statutory mandate, juvenile courts "may use any rational method of fixing the amount of restitution, provided it is reasonably calculated to make the victim whole, and provided it is consistent with the purpose of rehabilitation." (*In re Brittany L.* (2002) 99 Cal.App.4th 1381, 1391-1392.)

In *Alexander*, *supra,* 192 Cal.App.4th 847, the juvenile court dealt with a minor who had vandalized a car. After a restitution hearing the court ordered the minor to pay the cost of repair even though it was substantially higher than the cost of replacement. The court found it was reasonable to allow the victim to choose to fix the car rather than requiring the person to spend the time to try to purchase a comparable vehicle. The juvenile court also found that requiring the minor to pay the costs of making the victim whole was a necessary part of the minor's rehabilitation.

4

On appeal, this court upheld the juvenile court's choice of restitution method.  We said:  "Choosing repair over replacement is not intended to reimburse the victim for noneconomic injury but acknowledges the practicalities involved in cleaning up after a crime spree.  The victim is entitled to a resolution." (*Alexander, supra,* 192 Cal.App.4th at p. 857.)  The court further observed that victims have a right to be treated with fairness and respect for their privacy and dignity.

## B.  Analysis

Ramiro contends the juvenile court erred in its application of our opinion in *Alexander, supra,* 192 Cal.App.4th 847.  He argues that this is not a cost of repair case and that the evidence showed an identical replacement phone could have been purchased for $300.  He further argues the replacement, which was purchased at $681, was a better phone, thus the victim received a windfall.  That would probably be a surprise to the victim in this case.  We disagree with Ramiro's contentions.

Here the identical phone was not regularly available since it was apparently off the market.  It was theoretically possible to get the same model through Amazon.  However, the victim was reluctant to purchase from Amazon.  She had previously used her credit card with Amazon and became a victim of identity theft.  The juvenile court impliedly found, and we agree, it would hardly be fair treatment of the victim or giving her respect to require her to risk identity theft in order to reduce the financial burden on the person whose criminal activity caused the loss.

Since we find the juvenile court was not unreasonable in crediting the victim's concerns about another purchase on Amazon, we must consider the claim that she obtained a "windfall." She did not do so.

The loss of a smart phone, as in this case, is not just a loss of a specific item of personal property. This piece of equipment only works with a service contract such as the one provided by T-Mobile. Whether the phone is lost or not, the obligation under the contract continues. Apparently the phone was stolen early into a two-year contract, which limited the victim's ability to get a discounted replacement. Additionally, the contract costs were calculated on certain features that can only be used with smart phones with specific capabilities. If the victim could not reasonably replace the exact, out of date model she lost, she had to get the next best choice that allowed her to use the services for which she was obligated to pay.

The record shows the victim made reasonable efforts to replace the stolen item with like merchandise. However, she could not reasonably get the identical item. The evidence demonstrates she got the nearest quality level to what she had lost. Thus, if we examine the loss to the victim under all of the circumstances, including the service contract, the reasonable unavailability of the identical phone and the efforts of the victim to simply get the service for which she was obligated to pay, the restitution set by the court was reasonable and proper.

Finally, we observe the trial court reasonably found that requiring Ramiro to bear the full economic cost of his conduct was important to the minor's rehabilitation. He should know there are consequences to theft that can go beyond the minimum value of

6

the thing that was stolen. Holding the minor accountable for the full economic impact of his behavior comports with the goals of juvenile justice.

DISPOSITION

The order of the juvenile court setting restitution is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


NARES, J.


McINTYRE, J.

7