[Nos. C058043, C058513. Third Dist. Apr. 29, 2009.]

In re A.M., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
A.M., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts I., II. and III. of the Discussion.

**COUNSEL**

Julia J. Spikes, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette and Michael P. Farrell, Assistant Attorneys General, Charles A. French and Janine R. Busch, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

SIMS, J.—Appellant A.M. was adjudicated a ward of the juvenile court under Welfare and Institutions Code section 602[1] for driving without a license (Veh. Code, § 12500, subd. (a)). On appeal, she challenges probation conditions, including payment of restitution (§ 730.6) for a victim's burial/cremation expenses, which she contends were not caused by her conduct and cannot be attributed to her without a civil jury trial. Appellant separately appeals from the orders directing payment of restitution and setting the amount of restitution, though she does not dispute the amount. We consolidated the appeals. In the unpublished portion of the opinion, we shall conclude (1) the probation condition that appellant not be in places where drugs are present is overbroad and must be modified to "places where [appellant] knows drugs are present"; and (2) appellant forfeited her challenge to the search and seizure condition by failing to raise it in the juvenile court. In the published portion of the opinion, we shall explain why the restitution order is valid.

### FACTUAL AND PROCEDURAL BACKGROUND

A juvenile wardship petition filed in August 2007 charged appellant with one misdemeanor count of driving without a license on May 2, 2007.

In September 2007, based on appellant's admission, the court found the allegation true, on the factual basis that appellant was driving a car without a proper license. The probation report said appellant hit a pedestrian, who later died from his injuries. Appellant was cited for vehicular manslaughter, unlicensed driving, and failure to provide proof of insurance, but the district attorney's office chose to file only one count of driving without a license.

The case was set for disposition, contingent upon a contested matter of restitution. The court stated that, although a hearing was unnecessary in order to impose restitution, it would be helpful to hear what happened.

The following evidence was adduced at the hearing on January 17, 2008:

On May 2, 2007, around 9:00 p.m., appellant, who was then a high school student, was driving home from work, alone. She was not licensed to drive. She had only a permit (obtained six weeks earlier), which on its face prohibited her from driving alone. She testified this was the first time she drove alone. She claimed that, when she got the permit, someone at the

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

Department of Motor Vehicles orally told her she could drive alone to go to work, with a parent's permission.

As appellant drove southbound on Howe Avenue in the right-hand lane, traveling about 37 miles per hour in a 35-mile-per-hour zone, she saw a bicyclist "kind of in my lane so I went to swerve away from him. Went to the left, but I saw there was a car there on my left and I had to go back into my lane before I got hit. I went back into my lane, and then after that I just remember there was like a fence right before me and I hit a fence." She lost consciousness for a moment and "awoke" in time to see the bicyclist riding away. A fence pole had pierced her windshield. She drove to a nearby gas station and called 911.

At the crash site, first responders found the pedestrian, Pedro Beliz, lying injured in a driveway. He later died from his injuries. Appellant did not remember seeing or hitting any pedestrian.

The accident site is dark at night, with no overhanging streetlights. The pedestrian wore dark-colored clothing. There is no sidewalk on that side of the street at that location, where the pedestrian lived.

The highway patrol officer wrote in his report "P2 was walking in the roadway for an undetermined amount of time. He had established himself as a hazard in the roadway. P1 failed to see P2 and struck P2 in the roadway." The officer determined the pedestrian was a factor in causing the accident, because he was walking with, rather than against the flow of traffic. The court sustained an objection to the officer's opinion that the cause of the collision was appellant's inexperience. He testified the party's lack of familiarity with the roadway and the lack of lighting would contribute to the accident, and the speed for these road conditions was the cause of the accident.

The juvenile court decided to impose restitution as a condition of probation, stating in part:

"But in terms of fault, it's hard to say that the minor was at fault. It's hard to say that the pedestrian was at fault. And given that situation, *I believe that where the evidence leads me is to conclude that the minor was at the very least a substantial factor in causing this ultimate accident.* [(Italics added.)]

"I mean, it was an accident . . . but nonetheless, I think that the minor's lack of skill, her inexperience, I think played a role in this.

"And therefore, I think number one, . . . the argument that the . . . [Vehicle Code section] 12500 violation is not related to what happened here, I think is

incorrect. 12500 is specifically a statute that's designed for the purpose of keeping people off the road, people that are not experienced, people that are not signed [*sic*] by the government that possess the requisite skill to drive a car on the street.

"I think that statute is specifically designed to cover a case like this. Someone like the minor ought not to have been driving that car by herself. And the reason why we have these laws requiring her to have somebody in the car with her until she meets the standard is exactly to avoid a case like this.

"And I think that given the fact that I'm concluding that she was a substantial factor, it's hard to say it was completely her fault, but she was a substantial factor in causing this accident, given the fact that the 12500 does constitute a violation of public policy, given the fact that I'm authorized also that in ordering restitution I'm also to bear in mind public safety, that's one of the things I'm supposed to also bear in mind and rely upon in order—in making these orders."

On January 24, 2008, the juvenile court made its disposition, ordering court probation (§ 725, subd. (a)) with various conditions, including (1) warrantless search and seizure, (2) that appellant not be in places where drugs are present, and (3) restitution, with a stipulation that probation and the court's jurisdiction will not terminate until restitution is paid (in an amount to be determined later). Appellant filed a notice of appeal.

On March 11, 2008, appellant (without waiving her protest to restitution) stipulated to the amount of $2,275.60 to Maria Guerrero for Beliz's burial/cremation costs. (§ 730.6, subd. (j) [for restitution purposes, "victim" includes immediate surviving family of actual victim].) Appellant filed another appeal, which we consolidated with the first appeal.

## DISCUSSION

I.–III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### IV. *Restitution*

Appellant contends the juvenile court abused its discretion and violated her constitutional right to due process by imposing restitution for damages not caused by her conduct. She says driving without a license (the only offense

---

*See footnote, *ante*, page 668.

she admitted) does not necessarily cause an accident and in order to award restitution damages, there must be determinations that she acted negligently and that her negligence caused the accident—determinations more appropriate to a civil forum where she would have the right to a jury trial, discovery, and defenses. She says the juvenile court violated due process by determining she was substantially responsible and by imposing a restitution award based on noncriminal conduct. She claims the lack of a license was not a proper consideration because such evidence would be inadmissible in a civil or criminal trial.[2]

We shall explain that appellant's arguments lack merit. The restitution order was justified by the court's finding that appellant was a substantial factor in the pedestrian's death.

Section 730.6, subdivision (a), states, "It is the intent of the Legislature that a victim of conduct for which a minor is found to be a person described in Section 602 who incurs any economic loss as a result of the minor's conduct shall receive restitution directly from that minor."

The economic loss must be "as a result of the minor's conduct." (§ 730.6, subd. (a).) This is language of causation. But nothing in section 730.6 requires that the minor's conduct be the sole cause of loss by the victim, and such a conclusion would be at odds with the principle that restitution laws are to be broadly and liberally construed. (*In re Johnny M.* (2002) 100 Cal.App.4th 1128, 1132 [123 Cal.Rptr.2d 316].)

The trial court found that appellant's conduct of driving without a license was "at the very least a substantial factor in causing this ultimate accident." This was the correct legal test. Thus Judicial Council of California Criminal Jury Instructions (2006) CALCRIM No. 240 provides in relevant part, "There may be more than one cause of injury. An act causes injury only if it is a substantial factor in causing the injury. A substantial factor is more than a trivial or remote factor. However, it does not have to be the only factor that causes the injury." (See *People v. Sanchez* (2001) 26 Cal.4th 834, 845 [111 Cal.Rptr.2d 129, 29 P.3d 209].) This is the correct test for determining whether the victim's economic loss is "a result of the minor's conduct" within the meaning of section 730.6. (§ 730.6, subd. (a)(1).)

The trial court found as a matter of fact that "the minor's lack of skill, her inexperience, . . . played a role in this." The evidence supports the juvenile

---

[2] We need not address admissibility of evidence in civil trials. As to appellant's assertion that her unlicensed status would be inadmissible in a criminal trial, her cited cases involved trials for vehicular manslaughter. (*People v. Costa* (1953) 40 Cal.2d 160 [252 P.2d 1]; *People v. Spragney* (1972) 24 Cal.App.3d 333 [100 Cal.Rptr. 902].) Obviously, a driver's unlicensed status would be admissible in a trial for the offense of driving without a license.

court's finding. Appellant was unprepared for the common traffic encounter with a bicyclist, was unable to control the car despite traveling at only 37 miles per hour, and never even knew she hit the pedestrian. Her actions and omissions cannot be explained away by blaming the pedestrian (as she does) for being there wearing dark clothing and blaming the city for the absence of streetlights.

■ We conclude substantial evidence supports the trial court's finding that appellant's unlawful conduct was a substantial factor in the pedestrian's death, and the finding supports imposition of restitution. Since restitution is authorized by a dispositional statute passed by the Legislature—section 730.6—appellant has no right to have her obligation to pay restitution, or its amount, determined by a civil jury trial.

## DISPOSITION

Probation condition "m" is modified to read that appellant "Not associate with persons whom you know, or whom the Probation Officer informs you, are users or sellers of illegal drugs, including marijuana, or be in places where you know such substances are present."

The orders are otherwise affirmed.

Scotland, P. J., and Raye, J., concurred.