Filed 6/10/15  In re K.S. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

<u>COPY</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re K.S., a Person Coming Under the Juvenile Court Law. | C077092 |
| THE PEOPLE, | (Super. Ct. No. JV134240) |
| Plaintiff and Respondent, | |
| v. | |
| K.S., | |
| Defendant and Appellant. | |

In this juvenile delinquency case Kayla S. (the minor) contends the juvenile court's order of victim restitution was inadequately supported by the evidence.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In August 2012, a petition was filed under Welfare and Institutions Code section 602, subdivision (a),[1] alleging that the minor had committed two counts of felony

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

vandalism.  (Pen. Code, § 594, subd. (b)(1).)  Count 1 alleged that the minor caused extensive water damage to the home of Kendrick Y.; count 2 alleged that the minor defaced the home's walls and floor with graffiti.

In June 2013, the minor admitted count 2; count 1 was dismissed in the interests of justice on condition that the juvenile court could consider the dismissed count at the time of disposition.  The court adjudged the minor a ward of the court, placed her on probation, and ordered her to make restitution to Kendrick Y. in an amount to be determined at a subsequent hearing.

According to the probation officer's intake report, the victim contacted the Sacramento Police Department on August 13, 2012, to report a burglary at his vacant rental property.  Paint had been thrown on the walls and the floors.  The upstairs sink was clogged with T-shirts and water had been left running, flooding the entire second floor and part of the first floor, causing structural damage.  The victim estimated the damages to the inside of the house at over $50,000.  The officers who came to the scene noted massive damage to the interior of the property. The walls and floors were saturated with water and there was standing water inside the structure.

Investigation led the officers to minors R.O. and T.D. (co-minors).  After being arrested and waiving their *Miranda*[2] rights, they admitted taking part in the vandalism along with the minor, who was R.O.'s girlfriend.  R.O. and T.D. said the three minors had gone to the house, knowing it was vacant, and stayed there for two days.  Before leaving, they decided to vandalize the house by throwing paint on the walls and by clogging the upstairs sink and turning on the water.  R.O. and T.D. both said the minor suggested the latter act.

---

[2]  *Miranda v. Arizona* (1966) 384 U.S. 432 [L.Ed.2d 694].

On August 22, 2012, the victim told the minor's probation officer that the estimated cost to repair the water damage was $20,000 and the total estimated cost of repairs was $77,000. However, the victim requested additional time to arrive at a total damage amount, as he was dealing with his insurance company.

On December 4, 2012, the victim submitted a written claim for restitution in the amount of $101,595.90, consisting of $24,666.11 for repair of water damage, $3,000 for lost rent ($1,500 per month for two months), and $73,929.79 for rebuilding costs. The claim was supported by almost 90 pages of documentation, including estimates and invoices.

On February 14, 2013, the victim's insurance company stated in writing that it had paid the victim a total of $89,369.08 on his policy.

On August 3, 2013, the probation officer reported that the victim said his insurance company had compensated him for a large portion of his loss, but he was requesting the entire amount of his loss as restitution. The probation officer recommended that the juvenile court award the full amount claimed.

At the contested victim restitution hearing on April 30, 2014, the minor's counsel did not dispute the amount of restitution claimed by the victim. He stated: "I'm not going to shy away from that. It is what it is. The victim provided all the documents. There was insurance involved; looked at it. The damage is what it is." Counsel argued only that it was unfair to hold the minor responsible for the entire amount because the co-minors had been ordered to pay considerably less. The juvenile court took the matter under submission.

The court thereafter entered a written restitution order which awarded the victim $101,595.90, the full amount requested. The court noted: "The amount of restitution is not disputed and, in any event, is well supported by documentation showing the amount actually paid to repair the property."

The court rejected the minor's claim that she should not be held responsible for the full amount because the co-minors were not ordered to share equally in that amount, reasoning as follows: (1) The courts which heard the co-minors' cases found the co-minors not responsible for the water damage, and all the evidence suggested that the minor proposed clogging the sinks and then actively participated in doing so.[3] (2) Under the statutory scheme governing victim restitution by minors, a victim who has incurred economic loss as a result of a minor's conduct shall receive full restitution directly from the minor unless the court finds compelling and extraordinary reasons not to order full restitution; none existed here. (3) By admitting the charge contained in the section 602 petition, the minor became responsible for the full amount of the victim's losses regardless of the co-minors' relative culpability.

## DISCUSSION

The minor contends: "The court abused its discretion in failing to make an independent restitution determination based on available evidence and by awarding direct victim restitution for claims where no adequate factual basis was established." (Capitalization omitted.) Taking this as a contention that the evidence was insufficient to support the award, we conclude it is properly before us despite the minor's failure below to dispute the amount requested. (*In re Travis J.* (2013) 222 Cal.App.4th 187, 203 (*Travis J.*).) However, the contention lacks merit.

"It is the intent of the Legislature that a victim of conduct for which a minor is found to be a person described in Section 602 who incurs any economic loss as a result of

---

[3] The court noted that one co-minor was ordered to pay $8,500 in restitution to cover "any damage caused by paint only," and the other was ordered to pay $11,500 "for any and all damage excluding any water damage." Both orders made joint and several with respect to each other and with respect to any other person found responsible. These restitution orders "were imposed by different courts," and the court was "not aware of the legal or factual basis for the apportionment of restitution reflected in either order."

4

the minor's conduct shall receive restitution directly from that minor."  (§ 730.6, subd. (a)(1).)

"Upon a minor being found to be a person described in Section 602, . . . the court shall order the minor to pay . . . :  [¶] [] Restitution to the victim or victims, if any, in accordance with subdivision (h)."  (§ 730.6, subd. (a)(2)(B).)

"Restitution ordered pursuant to subparagraph (B) of paragraph (2) of subdivision (a) shall be imposed in the amount of the losses, as determined. . . .  The court shall order full restitution unless it finds compelling and extraordinary reasons for not doing so, and states them on the record.  A minor's inability to pay shall not be considered a compelling or extraordinary reason not to impose a restitution order, nor shall inability to pay be a consideration in determining the amount of the restitution order.  A restitution order . . . shall be of a dollar amount sufficient to fully reimburse the victim or victims for all determined economic losses incurred as the result of the minor's conduct for which the minor was found to be a person described in Section 602."  (§ 730.6, subd. (h).)

A victim's loss is compensable under section 730.6 if the minor's conduct is a substantial factor in causing the loss.  (*In re A.M.* (2009) 173 Cal.App.4th 668, 673.)  To achieve the purposes of a victim restitution order in a juvenile case (rehabilitation, deterrence, and making the victim whole), the order must be "sufficient to fully compensate the victim ' "without regard to potential reimbursement from a third party insurer." ' [Citations.]"  (*In re Eric S.* (2010) 183 Cal.App.4th 1560, 1564.)

Once the victim has established the replacement or repair cost of his property, the minor bears the burden of proving that the amount of restitution claimed exceeds that cost.  (*Travis J., supra*, 222 Cal.App.4th at p. 204.)  The juvenile court may use any rational method of determining the restitution amount, provided it is reasonably calculated to make the victim whole and is consistent with the purpose of rehabilitation.  (*In re Alexander A.* (2011) 192 Cal.App.4th 847, 853.)

On review, we uphold a victim restitution order in a juvenile delinquency proceeding where there is a factual and rational basis for the order. (*In re Alexander A., supra,* 192 Cal.App.4th at p. 857.) We reverse only for abuse of discretion. (See *id.* at p. 858.)

The juvenile court had before it a remarkably specific and detailed basis for the amount of restitution it ordered—nearly 90 pages of documentation for the total amount claimed. The minor did not meet her burden of proving that that amount exceeded the victim's costs attributable to her conduct. On the contrary, she conceded the amount was correct. Thus, the factual and rational basis for the court's order was undisputed.[4]

On appeal, the minor contends for the first time that the restitution order exceeded the victim's costs because his insurer paid him a lesser amount. But the minor cites no authority holding that the costs for which a victim may receive restitution are limited to the amount for which his insurer will reimburse him, and we know of no such authority. We do not consider legal propositions asserted without authority. (*People v. Stanley* (1995) 10 Cal.4th 764, 793.)

Furthermore, although a party may contend for the first time on appeal that the evidence was insufficient to support the judgment, she may not properly do so by raising new factual claims that could and should have been litigated below. The insurer's letter was before the juvenile court when it held the hearing on victim restitution. If the minor

---

[4] The minor asserts it is ambiguous whether her trial counsel disputed the amount of restitution sought by the victim because counsel said he "looked at" the insurance documentation and did not dispute that figure, but that figure was $89,396.08, not the higher amount requested and ordered. This assertion is without merit.

If counsel had meant to say that the victim was entitled only to the amount for which the insurer reimbursed him, counsel could easily have said so. By not saying so, he unambiguously conceded the accuracy of the restitution amount requested. The only argument he chose to make, as we have shown above, was that it was unfair to saddle the minor with the full amount when the co-minors had gotten off lightly.

had argued that that evidence justified a lesser restitution order, the People would have had the opportunity to rebut that contention and the court would have had the benefit of both sides' views before ruling on the issue.  Appellate contentions that depend on new factual claims that could have been raised and resolved below are forfeited.  (*Bogacki v. Board of Supervisors* (1971) 5 Cal.3d 771, 780.)  This rule applies specifically to arguments that victim restitution orders were unwarranted by the evidence.  (*People v. Brasure* (2008) 42 Cal.4th 1037, 1075.)

The minor asserts that there is no evidence the victim actually paid any amount above that for which his insurer reimbursed him.  It was her burden to make this argument below and support it with evidence.  (*Travis J., supra*, 222 Cal.App.4th at p. 204.)  She may not simply assert it for the first time on appeal.  (*People v. Brasure, supra*, 42 Cal.4th at p. 1075; *Bogacki v. Board of Supervisors, supra*, 5 Cal.3d at p. 780.)

The minor asserts that the order was arbitrary because the record shows several different estimates of the victim's costs and the juvenile court did not explain why it picked one instead of another.  But the minor cites no authority and offers no argument to explain why it was arbitrary or irrational for the court to accept the latest, most fully documented amount, and to disregard earlier estimates.

The minor contends in the alternative that if we find counsel's failure to dispute the amount of restitution requested forfeits her attack on the restitution order, counsel provided ineffective assistance.  However, the minor does not raise this contention under an argument heading that summarizes the contention in either her opening brief or her reply brief; therefore the point is forfeited.  (Cal. Rules of Court, rule 8.204(a)(1)(B); *Heavenly Valley v. El Dorado County Bd. of Equalization* (2000) 84 Cal.App.4th 1323, 1346.)  But even assuming the claim of ineffective assistance is properly before us, it fails because the minor cannot show that counsel acted below a minimum standard of competence or that his performance caused her prejudice.  (*Strickland v. Washington* (1984) 466 U.S. 668, 689-694 [80 L.Ed.2d 674].)  From counsel's remarks at the

7

restitution hearing, it appears he did not contest the amount of restitution sought because his scrutiny of the documentation convinced him that that amount was not reasonably contestable.  On this record, as we have explained, no evidence suggests that counsel was wrong to so conclude.  Therefore, counsel was not ineffective for failing to contest the issue, and there is no reasonable probability that the outcome would have differed had counsel acted otherwise.

## DISPOSITION

The victim restitution order is affirmed.


 RENNER                             , J.


We concur:


 NICHOLSON                , Acting P. J.


 HULL                              , J.

8