Filed 10/16/15  In re Adrian V. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re ADRIAN V., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ADRIAN V., <br><br> Defendant and Appellant. | A145028 <br><br> (San Francisco City and County Super. Ct. No. JW136244) |

Appellant Adrian V. appeals from an order requiring him to pay victim restitution. Appellant's court appointed counsel has filed a brief raising no legal issues and asking this court to conduct independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Appointed counsel informed appellant she had filed a brief in his behalf pursuant to *Wende*, and he may personally file a brief.  He has not done so.  Having reviewed the record and found no arguable issues requiring briefing, we shall affirm the judgment, including the restitution order.

### FACTS AND PROCEEDINGS BELOW

Since the appeal is only from the restitution order, the facts of the offense need not be described in detail.  According to the detention report of the probation department,[1]

---

[1] We take the facts from this report because, for reasons that do not appear in the record, the court stated at the restitution hearing that it did not conduct a contested jurisdictional hearing.

the victim, a 30-year-old man who was medically uninsured, told the police he was walking on Alabama Street in San Francisco when appellant, who had brass knuckles in his right hand, approached him and said " 'what's up?' " The victim saw four males and a female standing across the street and watching him. When three of the males, one of whom he later identified as Corey I., started walking toward him, the victim was struck in the back of the head by appellant with the brass knuckles, knocking him down. Appellant then hit the victim four more times, causing his head to bleed profusely. While the victim was on the ground, one of the males walking toward him waved a knife in his face and demanded " 'give me everything you got or I'll cut you.' " The victim then put his wallet and cell phone on the sidewalk, and one of the three males picked it up. The victim then ran home and a friend there called 911. He was then taken to the emergency room at St. Luke's Hospital. The victim later identified appellant as the person who attacked him, and Corey I. as one of the males who ran up to him. All four males were booked at the Juvenile Justice Center. Appellant was 15 years old and enrolled as a student at Galileo High School. This incident was his first contact with the juvenile justice system.

The victim promptly sought restitution for his medical expenses and other losses.

On June 6, 2013, the San Francisco County District Attorney filed a wardship petition (Welf. & Inst. Code, § 602) alleging that appellant had committed robbery in the second degree, assault with a deadly weapon, battery inflicting serious bodily injury, and the use of brass knuckles. (Pen. Code, §§ 211/212.5, subd. (c); 245, subd. (a)(1), 243, subd. (d), 21810.)[2] The district attorney also filed petitions against three other juvenile participants in the incident, but two of these petitions were dismissed. Three weeks later, appellant and Corey I., the remaining participant, were jointly tried at a contested jurisdictional hearing. As to appellant, the juvenile court found true the allegation of robbery in the second degree, a felony, in violation of sections 211/212.5. The remaining four counts were dismissed "in light of conviction of count 1."

---

[2] All statutory references are to the Penal Code unless otherwise indicated.

At the dispositional hearing held on July 15, 2013, the court declared wardship but allowed appellant to remain in his mother's home. The standard probation terms imposed by the court included a provision requiring appellant to pay victim restitution, "joint and several" with Corey I. in an amount to be determined by the probation department.

A series of progress reports in 2013, 2014, and 2015, indicated that appellant was making progress. He began attending school, his grades improved, he regularly participated in drug counseling and community service programs, and he soon consistently tested negative for drugs. By 2015, the only probation requirement appellant had not satisfied was payment of victim compensation.

On June 4, 2014, the probation department had recommended that appellant be ordered to pay his victim $7,059.05 jointly and severally with his crime partners. That figure was based on the following costs of six items and services for which the victim sought restitution:

1. LG mobile phone: $420.
2. Wallet: $15.
3. San Francisco Emergency Medical Association: $353 and $127.
4. St. Luke's Hospital: $4220.05.
5. Fire Department: $1754.
6. Affiliates in Imaging: $170.

On April 9, 2015, the district attorney filed a "Restitution Bench Brief" asking the court to order appellant to pay restitution in the amount of $5,135.05 in order to make the victim whole, and that the order should be "joint and several with co-minor Corey [I.]" The $5,135.05 sought by the district attorney includes only the first four items and services for which the victim sought restitution, not the last two. The district attorney explained at the restitution hearing that the fire department bill of $1,754 and the Affiliates in Imaging bill of $170 were both covered by the Victim Compensation Board, which, after discounts, paid a total of $583.26 for those bills."

On April 10, 2015, the probation department resubmitted its recommendation that appellant (and crime partner Cory I.) be ordered to pay $7,059.05 in victim restitution,

3

which amount includes all of the six items and services for which the victim sought restitution.

On April 13, 2015, appellant's counsel filed a restitution memorandum and request for an evidentiary hearing. Appellant agreed to payment of $435 for the mobile phone and wallet, but objected to payment of the remaining amounts claimed as all of them were for medical costs. In his memorandum appellant took the positions that "1) he is not liable for medical expenses since the court specifically acquitted him of having personally inflicted the injuries resulting from this incident that required treatment; and 2) that the charges billed neither accurately reflect the economic losses to the health care providers nor indicate the out of pocket losses to the victim."

The court held a restitution hearing on April 14, 2015, at the close of which it ordered appellant to pay restitution to the victim in the amount requested by the district attorney—i.e., $5,135.05, consisting of $4,700.05 in medical expenses and $435 in property loss.[3] That same day the district attorney moved to modify the restitution award to require appellant and Corey I. to pay the Victim Compensation Board an additional amount of $583.26, the amount paid the victim by the Board.

On April 28, 2015, appellant timely appealed the April 14, 2015 restitution order of $5135. That same day, the court ordered appellant to pay an additional $583.26 in restitution, as the district attorney requested. The next day appellant filed a second appeal effectively superseding the first. Unlike the first appeal, the second appeal contested the additional restitution of $583.26 ordered by the trial court.

## DISCUSSION

Article I, section 28, subdivision (b), of the California Constitution states that "It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to seek and secure

---

[3] The hearing did not allow the introduction of evidence because it believed uncontested documents eliminated the need to do so. As the court observed, "Each bill is on letterhead. It documents the date of service, the doctor, as well as the type of services provided on or just after the victim was robbed on June 5, 2013."

4

restitution from the persons convicted of the crimes causing the losses they suffer. [¶] Restitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss, unless compelling and extraordinary exist to the contrary." This constitutional provision is implemented, with respect to juvenile offenders, by section 730.6 of the Welfare and Institutions Code.

The purpose of requiring a minor to pay restitution is its deterrent, as well as its rehabilitative effect. (*In re Brittany L.* (2002) 99 Cal.App.4th 1381, 1387 (*Brittany*).)

In the juvenile court, appellant conceded the propriety of requiring him to pay $435 in restitution for the cost of replacing the victim's mobile phone and wallet, but contended that restitution could not be imposed for the remaining expenses for which the victim sought restitution (all of which related to medical expenses) for two reasons: First, that the minor was "not liable for the medical costs since he was found to be not responsible for the injuries, and second, because "[m]edical billings are not reflective of actual costs and economic losses." Neither contention is legally tenable.

With respect to the first claim, appellant argued below that appellant "was not convicted of any crime, enhancement or special allegation related to the victim's assault and resultant injuries. Not only was he not convicted, he was also acquitted of these charges and allegations since the trier of fact found there was insufficient proof beyond a reasonable doubt . . . . [H]e was only found culpable for the robbery while being acquitted of all the assault and battery charges and GBI enhancements."

Appellant's description of the trial court's ruling is misleading. To begin with, the petition was sustained on a finding appellant violated section 211, which defines "robbery" as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of *force* or fear." (Italics added.) As the trial court stated when it made its ruling, "[e]ssential elements of the 211 are force and violence. The force and violence is directly related. Directly linked to the crime that the minor was convicted of. The court does find this sufficient nexus to order restitution for the medical expenses." In reaching this

5

conclusion, the court expressly relied upon *In re A.M.* (2009) 173 Cal.App.4th 668, *Brittany, supra,* 99 Cal.App.4th 1381, *People v. Corona* (1989) 213 Cal.App.3d 589, and other opinions, all of which support the court's ruling. None of the cases cited by appellant to the trial court are apposite, and we cannot find any case law that conflicts with the challenged ruling.

Appellant's second argument below, that the medical expenses incurred by the victim "are not reflective of actual costs and economic losses," is also unavailing. This argument was based largely on civil cases limiting tort damages for medical costs of a privately insured plaintiff to the discounted amount accepted by the provider as full payment rather than the undiscounted sum stated in a provider's bill. (*Howell v. Hamilton Meats & Provisions, Inc.* (2011) 52 Cal.4th 541; *Corenbaum v. Lampkin* (2013) 215 Cal.App.4th 1308.) This line of cases is not helpful in the context of restitution to victims of crime. (See *In re Anthony S.* (2014) 227 Cal.App.4th 1352, 1357.) Our restitution scheme requires the offender "to pay the full cost of his crime, receiving no windfall from the fortuity that the victim was otherwise reimbursed . . . ." (*People v. Birkett* (1999) 21 Cal.4th 226, 246.) In any event, as the juvenile court noted, the evidence showed the victim here was not covered by insurance and, therefore, was required to pay the amounts billed for the medical services he received.

For the foregoing reasons, the restitution order appellant challenged in the trial court was proper.

Because our comprehensive review of the record discloses no other arguable issues warranting briefing, the judgment is affirmed.

_____
Kline, P.J.

We concur:


_____
Richman, J.


_____
Stewart, J.