Filed 9/19/22 In re A.M. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re A.M., a Person Coming Under the Juvenile Court Law. | C095157 |
| THE PEOPLE, | (Super. Ct. No. JJC-JV-DE-2019-0001028) |
| Plaintiff and Respondent, | |
| v. | |
| A.M., | |
| Defendant and Appellant. | |

Minor A.M. (minor) appeals from a restitution order issued after he admitted committing an assault with a firearm and the juvenile court adjudged him a ward of the court pursuant to Welfare and Institutions Code section 602.[1] Minor contends there is

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

not substantial evidence supporting the juvenile court's determination that his crime caused the loss of income for which the juvenile court ordered restitution. The People argue that the prosecution's evidence sufficiently established that minor's crime was a substantial factor in causing the economic loss incurred by the victim. We agree with the People that testimony at the restitution hearing established causation. We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

D.O. was walking home on May 26, 2019, when a car drove past and the backseat passenger fired a gun at him multiple times. His mother, Stacy H., heard the noise and came outside to see D.O. running with the car following him. D.O. ran into the house and the car sped away. The prosecution filed a petition alleging minor, at the age of 16, committed numerous crimes, bringing him within the jurisdiction of the juvenile court pursuant to section 602. Minor admitted one offense, the assault with a firearm against D.O. on May 26, 2019. (Pen. Code, § 245, subd. (a)(2).) The juvenile court adjudged minor a ward of the court and, among other things, ordered restitution payable to the California Victim Compensation Board (Board), subject to a later restitution hearing.

At the restitution hearing, the prosecution sought an order that minor pay $34,710.05 to the Board. To support this claim, the Board presented documentary evidence showing it had paid $841.00 to Stacy H. for relocation assistance and $33,869.05 to Stacy H. for income loss for the periods from June 7, 2019, through July 1, 2020, and from July 25, 2020, through April 25, 2021. Board records also indicated that Stacy H.'s employer at the time of the May 26, 2019, incident verified she did not return to work after June 6, 2019, "due to this incident" and that the employer terminated Stacy H. on July 25, 2019, for not providing required leave of absence papers.

Robin Foemmel Bie, assistant executive director for the Board, testified the Board verified Stacy H. was unable to work due to disability caused by the crime minor committed. Specifically, Stacy H.'s disability was verified by a doctor for the first six months of disability and by a licensed psychologist for the remaining period of disability.

Foemmel Bie testified she reviewed the notes from the doctors, which they submitted under penalty of perjury, and the notes said minor's crime caused Stacy H.'s disability, which prevented her from working during the relevant time periods.

The juvenile court found the prosecution met its burden of proving both the amount of restitution and that minor's crime caused Stacy H.'s economic loss and ordered minor to pay $34,710 in restitution.

## DISCUSSION

### I

### *Legal Background*

Victim restitution is constitutionally and statutorily mandated in California. (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1045; see Cal. Const., art. I, § 28, subd. (b)(13).) Section 730.6, subdivision (a)(1) provides: "It is the intent of the Legislature that a victim of conduct for which a minor is found to be a person described in Section 602 who incurs an economic loss as a result of the minor's conduct shall receive restitution directly from that minor." Alternatively, the statute permits a victim to obtain recovery from the Restitution Fund in the State Treasury, in which case the juvenile court shall order the minor to pay restitution to the Restitution Fund. (§ 730.6, subd. (i); see Gov. Code, §§ 13950-13966.) The statute defines " 'victim' " to include "[a] person who has sustained economic loss as the result of a crime and who . . . [¶] . . . [a]t the time of the crime was the parent . . . of the victim." (§ 730.6, subd. (j); accord Cal. Const., art. I, § 28, subd. (e).)

We review a juvenile court's decision to award restitution for abuse of discretion. (*Luis M. v. Superior Court* (2014) 59 Cal.4th 300, 305.) We will find an abuse of discretion where the restitution order lacks " 'a rational and factual basis for the amount of restitution ordered' " or where the order " 'is based on a demonstrable error of law.' " (*In re S.E.* (2020) 46 Cal.App.5th 795, 803-804.) In cases like this, where the minor

3

challenges the factual basis for the restitution order, we must determine whether substantial evidence supports the order.  (*In re A.M.* (2009) 173 Cal.App.4th 668, 674.)

"A substantial evidence inquiry examines the record in the light most favorable to the judgment and upholds it if the record contains reasonable, credible evidence of solid value upon which a reasonable trier of fact *could* have relied in reaching the conclusion in question.  Once such evidence is found, the substantial evidence test is satisfied." (*People v. Barnwell* (2007) 41 Cal.4th 1038, 1052.)  "Even when there is a significant amount of countervailing evidence, the testimony of a single witness that satisfies the standard is sufficient to uphold the finding."  (*Ibid.*)  "We do not reweigh or reinterpret the evidence; rather, we determine whether there is sufficient evidence to support the inference drawn by the trier of fact." (*People v. Baker* (2005) 126 Cal.App.4th 463, 469.) Even, " ' "incompetent testimony, such as hearsay or conclusion, if received without objection takes on the attributes of competent proof when considered upon the question of sufficiency of the evidence to support a finding." ' " (*People v. Panah* (2005) 35 Cal.4th 395, 476.)

## II

### *Causation*

Minor does not challenge the juvenile court's award of relocation expenses, nor does he challenge the amount of income the juvenile court found Stacy H. lost.  Rather, minor contends there is not substantial evidence his crime caused Stacy H.'s lost income and the restitution order has resulted in a windfall to Stacy H.  The People respond that the prosecution established causation through testimony from an employee of the Board.[2]

---

[2] Because the hearing testimony supports the order, we do not address the People's argument that we can rely on the statutory presumption the Board properly performed its duty to verify the cause of Stacy H.'s disability before paying for her losses.  (See Evid. Code, § 664.)

And, with causation established, the People argue the restitution amount cannot be considered an improper windfall.

California courts have interpreted the phrase "as a result of the minor's conduct" in section 730.6, subdivision (a)(1) to mean that "so long as the minor's conduct was a substantial factor in causing the economic loss incurred by the victim or victims, it need not have been the sole cause of that loss." (*In re S.E., supra*, 46 Cal.App.5th at p. 805.)

The testimony in the record demonstrates minor's actions were a substantial factor in causing the economic loss incurred here. Foemmel Bie testified, without objection, that a physician and a licensed psychologist submitted notes under penalty of perjury, which stated that minor's crime caused Stacy H.'s disability and the disability prevented Stacy H. from working. Foemmel Bie reviewed those notes and verified the credentials of the doctors. That evidence is sufficiently reasonable, credible, and solid to support the juvenile court's causation finding.

Minor contends Foemmel Bie's testimony was insufficient to support the juvenile court's findings without introducing the doctors' notes into evidence. Neither section 730.6 nor the substantial evidence standard requires any particular form of evidence to prove a crime caused economic loss. To the extent minor's complaint is that Foemmel Bie's testimony was hearsay or otherwise incompetent, the juvenile court received her testimony without objection, so we consider it competent evidence when determining the sufficiency of the evidence.

We also reject minor's argument that Stacy H.'s employer's statement that it terminated her for not providing required paperwork to request a leave of absence contradicts the doctors' determination that her inability to work was based on a disability caused by the crime. In fact, the employer agreed that Stacy H. missed time because of the incident. But even if the circumstances of Stacy H.'s termination support a contrary finding, we do not draw contrary inferences or reweigh the evidence under the substantial

5

evidence standard. Thus, we conclude substantial evidence supports the juvenile court's finding that minor's crime caused Stacy H.'s loss of income.

Lastly, minor's argument that Stacy H. has received a windfall is based on his contention that the prosecution did not sufficiently establish causation. Because the prosecution did present substantial evidence of causation, this argument fails. In summary, there is a rational and factual basis for the restitution ordered. Therefore, we conclude the juvenile court did not abuse its discretion in ordering minor to pay restitution.

## DISPOSITION

The juvenile court's restitution order is affirmed.


/s/_____
HOCH, J.



We concur:



/s/_____
MAURO, Acting P. J.



/s/_____
DUARTE, J.