Filed 7/13/23  In re I.S. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re I.S., A Person Coming Under the Juvenile Court Law. | D081589 |
| THE PEOPLE, | (Super. Ct. No. J244230) |
| Plaintiff and Respondent | |
| v. | |
| I.S., | |
| Defendant and Appellant, | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert J. Trentacosta, Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

I.S. appeals after he admitted the truth of making a criminal threat against A.B., another minor, at school.  The court ordered restitution to A.B.'s father, J.B., in the amount of $1,922.04 for missed work.  I.S.'s court-

appointed counsel filed a brief raising no issues but seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). We find no arguable issue and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In November 2021, I.S. displayed a knife to A.B. at their school. J.B. had A.B. stay home from school after the incident because A.B. was afraid. I.S. was charged in a Welfare and Institutions Code section 602 petition with two counts of making a criminal threat against two different minors (counts 1 and 2; Pen. Code,[1] § 422), possessing a knife on school grounds (count 3; § 626.10, subd. (a)(1)), and misdemeanor exhibiting a weapon (count 4; § 417, subd. (a)(1)). I.S.'s counsel declared a doubt as to I.S.'s competency. (§ 1368.) The court authorized a competency evaluation. I.S.'s counsel later stipulated to I.S.'s competency and the court reinstated the proceeding.

I.S. admitted count 1 with the agreement he would be made a ward of the court and should he successfully complete one-year of supervision, that count would be reduced to a misdemeanor. The court dismissed the remaining counts and continued the proceedings for a disposition hearing. At the disposition hearing, the court made I.S. a ward of the court and continued the proceedings for a restitution hearing. At a restitution hearing, J.B. requested four days of restitution for missed work while home with A.B. The People also requested J.B. be reimbursed for four hours of missed work to attend the restitution hearing. The court found that J.B.'s taking sick leave and time off to care for A.B. and attend the restitution hearing did not constitute a windfall and awarded A.B. $1,922.04 in restitution.

---

[1]     Undesignated statutory references are to the Penal Code.

2

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. He presented no argument for reversal but asked this court to review the record for error as mandated by *Wende, supra,* 25 Cal.3d 436. Counsel has identified the following issue that "might arguably support the appeal" (*Anders*, *supra*, 386 U.S. at p. 744), whether the court abused its discretion in awarding restitution in the amount of $1,922.04. We granted I.S. permission to file a brief on his own behalf. He has not responded. The issue identified by counsel lacks arguable merit.

The California Constitution gives trial courts broad power to impose restitution on offenders for losses caused by their criminal conduct. (Cal. Const., art. I, § 28, subd. (b)(13)(A) ["all persons who suffer losses as a result of criminal activity shall have the right to seek and secure restitution from the persons convicted of the crimes causing the losses they suffer"].) Welfare and Institutions Code "[s]ection 730.6, subdivision (h) directs the court to order restitution 'of a dollar amount sufficient to fully reimburse the victim or victims for all determined economic losses incurred as the result of the minor's conduct' unless it finds compelling and extraordinary reasons for not doing so." (*In re Alexander A.* (2011) 192 Cal.App.4th 847, 853.) "A restitution order is intended to compensate the victim for [his or her] actual loss and is not intended to provide the victim with a windfall." (*People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1172.) "[R]estitution awards are vested in the trial court's discretion and will be disturbed on appeal only where an abuse of discretion appears." (*In re K.F.* (2009) 173 Cal.App.4th 655, 661.) Wages lost by the parents of a minor victim while caring for the injured minor are compensable. (Welf. & Inst. Code, § 730.6, subd. (H)(1)(c).) Sick leave used is also a compensable loss. (*In re K.F., supra*, at p. 666.)

Our review of the record pursuant to *Wende*, including the possible issue listed by counsel pursuant to *Anders*, has disclosed no reasonably arguable issues on appeal.  Competent counsel has represented I.S. both at trial and on appeal.

## DISPOSITION

The judgment is affirmed.


CASTILLO, J.

WE CONCUR:


HUFFMAN, Acting P. J.


RUBIN, J.