Filed 6/25/24  P. v. Brocone CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082431 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD286948) |
| BURT MATTHEW BROCONE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Carlos O. Armour, Judge.  Affirmed.

David Ross Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

After a jury convicted Burt Matthew Brocone of grand theft of personal property, a collectible guitar, the trial court ordered Brocone to pay

$12,876.13 in restitution to the victim.[1]  At Brocone's trial, the victim had testified he received an insurance payment of $11,876.13 for the guitar.

Brocone's appointed counsel asks this court to review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), and determine whether there are any arguable issues on appeal.  We granted Brocone the opportunity to file a supplemental brief on his own behalf but he did not do so.  After reviewing the record and briefing, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

One morning in May 2020, R.A. was asleep in his studio when he heard someone inside.  He awoke, startled to see his friend Brocone.  Using an expletive, R.A. told Brocone to get out and went back to sleep, thinking he had left.  That same month, R.A.'s tenant saw Brocone approach R.A.'s house calling R.A.'s name, then disappear and reappear minutes later carrying a guitar.  At some point, R.A. realized that one of his guitars, a collectible 1963 Stratocaster, was gone from a storage rack in his studio.  R.A. reported the missing guitar to police.  He eventually filed a claim with his renter's insurance and received a payment of $11,876.13 for the stolen guitar.

At sentencing, Brocone's counsel asked the court to find the restitution award was satisfied since R.A. was paid for the guitar through his insurance company.  After the parties argued the matter, the court ordered that Brocone pay R.A. probation-recommended restitution in the sum of $12,876.13, which included a $1,000 insurance deductible R.A. had paid.  (See

[1]  The court suspended Brocone's remaining sentence and placed him on two years of probation, which included one day in jail with credit for one day served.  Based on his financial situation, the court stayed all fines and fees pending Brocone's successful completion of probation.

*People v. Bartell* (2009) 170 Cal.App.4th 1258, 1262 [appellate court presumed accurate an unobjected-to portion of defendant's probation report].)

## DISCUSSION

As stated, appellate counsel asks the court to review the record for error. To assist the court in its review and in compliance with *Anders*, *supra*, 386 U.S. 738, counsel has identified one issue for consideration: Whether the trial court abused its discretion by ordering Brocone to pay $12,876.13 in restitution to R.A. even though R.A.'s insurance had paid all but $1,000 of the loss.

The court did not abuse its discretion. (*People v. Pittman* (2024) 99 Cal.App.5th 1252, 1258 [review standard of a restitution order is abuse of discretion].) The California Constitution requires every crime victim be compensated by the defendant for losses incurred as a result of the defendant's crime. (*People v. Martinez* (2017) 2 Cal.5th 1093, 1100, citing Cal. Const., art. I, § 28, subd. (b)(13).) The Legislature mandates that a crime victim who incurs an economic loss as a result of the crime receive restitution directly from the defendant. (Pen. Code, § 1202.4, subds. (a)(1) ["It is the intent of the Legislature that a victim of crime who incurs an economic loss as a result of the commission of a crime shall receive restitution directly from a defendant convicted of that crime"], (f) ["in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim . . . in an amount established by court order, based on the amount of loss claimed by the victim . . . or any other showing to the court].) Additionally, "[t]he court shall order full restitution." (Pen. Code, § 1202.4, subd. (f).) Courts must broadly and liberally construe a victim's restitution right. (*People v. Ung* (2023) 88 Cal.App.5th 997, 1001.)

3

In addition to compensating crime victims, restitution addresses the broader goal of rehabilitation and deterrence. (*People v. Anderson* (2010) 50 Cal.4th 19, 27; *People v. Vasquez* (2010) 190 Cal.App.4th 1126, 1133.) " ' "Restitution is an effective rehabilitative penalty because it forces the defendant to confront, in concrete terms, the harm his actions have caused." ' [Citation.] Restitution 'impresses upon the offender the gravity of the harm he has inflicted upon another, and provides an opportunity to make amends.' " (*Anderson*, at p. 27; accord, *People v. Martinez, supra,* 2 Cal.5th at p. 1101.)

Given these purposes, "[p]ayments received by a crime victim from his or her insurance company or from an independent third party for economic losses suffered as a result of the defendant's criminal conduct cannot reduce the amount of restitution the defendant owes." (*People v. Vasquez, supra*, 190 Cal.App.4th at pp. 1133-1134; accord, *People v. Birkett* (1999) 21 Cal.4th 226, 246 ["[T]he immediate victim was entitled to receive from the probationer the full amount of the loss caused by the crime, regardless of whether, in the exercise of prudence, the victim had purchased private insurance that covered some or all of the same losses"]; *Barickman v. Mercury Casualty Co.* (2016) 2 Cal.App.5th 508, 517-518 ["payments received by a crime victim from the victim's insurance company . . . for economic losses suffered as a result of the defendant's criminal conduct cannot reduce the amount of restitution the defendant owes"]; *People v. Hume* (2011) 196 Cal.App.4th 990, 996 ["Consistent with [Penal Code section 1202.4], payments to the victim by the victim's *own insurer* as compensation for economic losses attributed to a defendant's criminal conduct *may not* offset the defendant's restitution obligation"].)

We have reviewed the record for error as required by *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738.  We have not discovered any arguable issues for reversal on appeal.  Competent counsel has represented Brocone in this appeal.

DISPOSITION

The judgment is affirmed.


O'ROURKE, Acting P. J.

WE CONCUR:


DO, J.


RUBIN, J.